FILED

MAY - 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David Keller<br>Berliner Street, 28<br>14169 Berlin, Germany<br><br>　　Plaintiff<br><br>vs.<br><br>Embassy of the United States of America<br>Berlin, Germany<br><br>and<br><br>James Shaun Handy<br>Embassy of the United States of America<br>Berlin, Germany<br><br>and<br><br>National Security Administration<br>　of the United States<br>Washington, DC 20520<br><br>　　Defendants | CASE NO.<br><br>CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>CASE NUMBER 1:06CV00816<br><br>JUDGE: Rosemary M. Collyer<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 05/●/2006 |



Plaintiff DAVID KELLER, having a residential address of Berliner Street 2B, 14169 Berlin, Germany, by way of Complaint against the defendants, alleges as follows:

1

## JURISDICTION/VENUE

1. At all times relevant herein, Plaintiff David Keller was a citizen of the United States and. Plaintiff currently resides in Berlin, Germany.

2. At all times relevant herein and up until approximately March 8, 2004, plaintiff was employed as a janitor by the Defendant United States Department of State and was stationed at the Defendant United States Embassy in Berlin, Germany.

3. At all times relevant herein, Defendants United States Embassy, Berlin, Germany, and United States Department of State, were subdivisions of the United States of America having their principle offices located in Washington, D.C. As such, venue is this court is appropriate pursuant to 28 U.S.C. § 1391(e).

4. This court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331(a) in that claims are brought under, *inter alia*, the Fifth Amendment to the United States Constitution. Similar claims were brought and entertained by our courts in Ranger v. Tenet, 274 F.Supp.2d 1 (D. D.C. 2003).

5. The federal claims asserted herein are brought and the relief is sought by virtue of, *inter alia*, 42 U.S.C. §1983.

6. The declaratory relief sought is this Complaint is authorized by 28 U.S.C. §§ 2201 and 2202, the Federal Rules of Civil Procedure and Ranger, *supra*.

7. The injunctive relief sought in this case, viz. reinstatement of security clearance, is authorized by a plethora of caselaws, such as Wright v. U.S. Army, 307 F.Supp.2d 1065 (D. Ariz. 2004); Dorfmont v. Brown, 913 F.2d 1399 (9th Cir. 1990); and, Harmon v. Thornburgh, 878 F.2d 484 (D.C. Cir. 1989).

2

8. This action challenges the Defendant National Security Administration's revocation of plaintiff's security status. This court is permitted to entertain such challenges under <u>Webster v. Doe</u>, 486 U.S. 592 (1988), and <u>Ranger</u>, *supra*. <u>Webster</u> concerned a challenge to a denial of security clearance and <u>Ranger</u> concerned a challenge to the revocation of security clearance.

## FIRST COUNT

1. Plaintiff alleges and realleges the allegations set forth hereinabove as if they were set forth in this Count at length.

2. All defendants are sued in both their individual and official capacities.

3. At all times relevant herein, the defendants were acting under color of law.

4. At all times relevant herein, the defendants were acting in violation of well-established legal principles.

5. Plaintiff was employed by the United States Department of State from approximately July 17, 2000 through March 8, 2004 at the Defendant United States Embassy in Berlin, Germany. Plaintiff was employed as a janitor.

6. Plaintiff's job description and duties did not change during the course of his employment.

7. During the course of his employment, plaintiff performed duties in classified areas that required security clearance by the United States government.

8. During the course of his employment, plaintiff maintained a satisfactory employment record and incurred no infractions. Plaintiff successfully completed his probationary period.

3

9. During the course of his employment, plaintiff's team leader was Defendant Shawn Handy. Plaintiff was required to accept instruction from and report to Mr. Handy.

10. In or around 2003, plaintiff made a complaint about Mr. Handy to Mr. Handy's supervisor, Tom Moore, concerning the fact that Mr. Handy was consistently late for work.

11. Mr. Handy was disciplined or otherwise reprimanded as a result of the before mentioned complaint made to Mr. Moore.

12. Thereafter, on approximately October 19, 2003, the Department of State made a so-called Personnel Service Agreement with plaintiff that changed plaintiff from being paid in United States dollars to European euros.

13. Plaintiff was terminated only five (5) months later, effective March 8, 2004.

14. Plaintiff was advised that the reason for his termination was that his position had been phased out, but "want Ads" for the position were displayed only days later.

15. Immediately before plaintiff's termination, stolen meat was found in a community refrigerator accessible to, *inter alia*, Mr. Handy and plaintiff.

16. Plaintiff was never directly accused of having stolen the meat by one of defendant's employees.

17. There is no evidence that plaintiff stole meat or anything else from the defendants. There were no witnesses, surveillance cameras or surrounding circumstances suggesting that plaintiff was the thief.

18. Plaintiff requested in writing a due process hearing from United States Embassy Human Resources Officer William S. Holden, who also served as the United States Ambassador's representative. No response was obtained.

19. Plaintiff appealed his termination to the German Labor courts, which dismissed the case finding that it lacked the authority to reinstate plaintiff to his position because his security clearance and classified status had been revoked. Such security and clearance is a job requirement.

20. The German courts reached that conclusion because counsel for the United States, Michael Eckert, Esq., advised the courts that the Defendant National Security Administration of the United States had terminated plaintiff's security clearance and classified status upon the termination of his employment.

21. During the hearings in the German courts, plaintiff was advised for the first time that the true reason for his termination was the stolen meat. No other employee besides plaintiff had been terminated for that reason.

22. Subsequently, on January 19, 2006, James C. Onusko of the Defendant National Security Administration advised plaintiff that he had no resulting right to appeal.

23. The actions described hereinabove pertaining to the revocation of plaintiff's security clearance for theft has significantly stigmatized his reputation and will preclude him from obtaining federal employment in other agencies.

24. The revocation of plaintiff's security clearance without affording him an opportunity for a due process hearing constituted a violation of due process that resulted in a deprivation of plaintiff's liberty interest protected by the Fifth Amendment of the United States Constitution. Ranger v. Tenet, 274 F.Supp.2d 1, *7 (D. D.C. 2003) ("Mr. Ranger has presented a viable claim for the denial of due process under the Fifth Amendment. Although no one may hold a property interest in a security clearance ..., a federal agency's revocation of a security clearance may give rise to a due process claim for injury to a liberty interest in

5

reputation"), *citing* <u>Doe v. Casey</u>, 796 F.2d 1508, 1522 (D.C. Cir. 1986), and <u>Kartseva v. Dep't of State</u>, 37 F.3d 1524 (D.C. Cir. 1994).

## SECOND COUNT

1. Plaintiff alleges and realleges the allegations set forth hereinabove as if they were set forth in this Count at length.

2. The governmental defendants employ in excess of fifteen employees each.

3. Plaintiff is an African-American ( retired US Army) male who maintained a satisfactory work record with the defendants throughout his employment.

4. Plaintiff, as an African-American, is a member of a protected class.

5. Defendant James Shaun Handy, a Caucasian male, was plaintiff's immediate foreman, and is not a member of a protected class.

6. Plaintiff was qualified for the position he held.

7. Defendant James Shaun Handy has used his position as plaintiff's foreman on numerous occasions to harass and intimidate plaintiff on the basis of plaintiff's race, including due to the fact that plaintiff is married to a German Caucasian woman.

8. After plaintiff's termination, his position was filled by a person who is not a member of a protected class.

9. Plaintiff had complained to Defendant Handy's supervisors ,Joachim Steffnhagen about the conduct and they failed to take remedial action.

10. The foregoing constitutes a violation of 42 U.S.C. §2000e *et seq.*, 42 U.S.C. § 1981 and/or the Equal Protection Clause of the Fourteenth Amendment.

11. The governmental defendants are vicariously liable to plaintiff regarding foregoing.

12. Defendant Handy is liable to plaintiff in both his individual and official capacities.

### THIRD COUNT

1. Plaintiff alleges and realleges the allegations set forth hereinabove as if they were set forth in this Count at length.

2. Plaintiff entered into a Personnel Service Agreement with the defendants regarding his employment.

3. Part of that Agreement provides that German law shall apply to it.

4. This provision of the Agreement violates public policy in that it serves to deprive a United States citizen of the protections of United States law, and should be declared void *ab initio* as such.

### FOURTH COUNT

1. Plaintiff alleges and realleges the allegations set forth hereinabove as if they were set forth in this Count at length.

2. The provision of the Personnel Service Agreement to the effect that it should be construed according to German law should be voided by the court in that the German courts have dismissed plaintiff's litigation premised upon its opinion that it cannot adjudicate the matters at hand.

3. For these reasons, the provision of the Agreement pertaining to German law should be voided as being contrary to public policy because it leaves an American citizen with no remedy.

7

## DAMAGES

1. As a result of the foregoing, plaintiff has suffered significant financial losses, injuries to his reputation, diminished employability and income earning capacity, emotional distress, attorney's fees and costs of suit.

2. Plaintiff has and will continue to suffer such damages and loses until granted relief from the court.

## CLAIM FOR RELIEF

**WHEREFORE**, plaintiff requests the court to enter the following relief:

(a) A declaratory judgment declaring and adjudging that there is no proof that plaintiff had stole meat from the defendants;

(b) Injunctive relief requiring the defendants to provide plaintiff a due process hearing regarding the revocation of his security clearance;

(c) Injunctive relief requiring the defendants to reinstate plaintiff's security clearance and janitor position plus retroactive pay:

(d) Declaratory relief declaring and adjudging that the provision of the Personnel Service Agreement pertaining to German law and/or jurisdiction is void and unenforceable;

(e) For this court to accept jurisdiction over this controversy;

(f) Attorney's fees and costs of suit pursuant to, *inter alia*, 42 U.S.C. §1988;

(g) Compensatory damages;

(h) Punitive and exemplary damages;

(i) Other relief as the court may deem to be just and proper.

Dated 5-2-06                    *Allen Wilson* (signature)
                                Allen Wilson, Esq.
                                Attorney for Plaintiff
                                1000 Connecticut Avenue, NW, Suite 600
                                Washington, DC 20036
                                202-508-3794
                                D.C. Bar No. 479284