UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0816 (RMC) |
| | ) |
| EMBASSY OF THE UNITED STATES | ) |
| OF AMERICA at BERLIN, GERMANY, | ) |
| et. al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## MOTION TO DISMISS

The National Security Agency (NSA), by and through undersigned counsel, hereby respectfully move, pursuant to Fed. R. Civ. P. 12 (b)(1) and (6), for dismissal of this action for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W. - Civil Division
Washington, D.C.  20530
(202) 305-13349
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) Civil Action No. 06-0816 (RMC) |
| | ) |
| EMBASSY OF THE UNITED STATES | ) |
| OF AMERICA at BERLIN, GERMANY, | ) |
| et. al. | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

    Defendant National Security Agency hereby submits this memorandum of law in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**I.    Introduction**

    Plaintiff asserts claims under 42 U.S.C. 1983 and Title VII, 42 U.S.C. § 2000e *et seq.*, alleging *inter alia* that he was wrongfully discharged from employment with the United States Embassy in Berlin, Germany after revocation of his security clearance. Complaint at ¶¶ 5, 10. Plaintiff named the National Security Administration (sic), the United States Embassy at Berlin, Germany (U.S. Embassy-Berlin) and James Shaun Handy at the U.S. Embassy-Berlin as defendants. He has only properly served the National Security Agency.[1] However, the National Security Agency (NSA) is not the proper party to be sued under either 42 U.S.C. § 1983 or Title VII.

---

[1] Plaintiff has failed to successfully effectuate service over either James Shaun Handy or U.S. Embassy-Berlin. The NSA is a subcomponent of the Department of Defense and has been served.

II.     **Standard of Review**

        **Requests for Dismissal**

Defendants move for dismissal of plaintiffs' complaint under Rule 12(b)(1), lack of subject matter jurisdiction and 12(b)(6), failure to state a claim.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. <u>Herbert v. National Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  <u>See</u> <u>id.</u>

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. <u>Atchinson v. District of Columbia</u>, 73 F. 3d 418, 421 (D.C. Cir. 1996).  A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. <u>Appleton v. United States</u>, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999).  In reviewing a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974).  The court need not, however, accept as true the plaintiffs' legal conclusions.  <u>See</u> <u>Taylor v. FDIC</u>, 132 F.3d 753, 762 (D.C. Cir. 1997).  From the facts alleged in the complaint in this case, plaintiffs can prove no set of facts that would entitle them to relief.

### III.   Argument

#### A.   None of the Named Parties Are Proper Defendants Under Title VII

It is well established that "the only proper defendant in a Title VII suit … is the 'head of the department, agency, or unit' in which the allegedly discriminatory acts transpired." See Mason v. African Development Foundation, 355 F.Supp.2d 85, 89 (D.D.C.,2004) (citing Nichols v. Agency For Int'l Dev., 18 F.Supp.2d 1, 3 (D.D.C.1998) (citing Hackley v. Roudebush, 520 F.2d 108, 115 n. 17 (D.C.Cir.1975)). In Nichols, the Court reasoned that because the plaintiff had sued only the agency instead of the agency head, and because "Congress has not waived [the agency's] sovereign immunity under Title VII, the Court [was required to] dismiss [the case] for lack of subject-matter jurisdiction, …." Nichols, 18 F.Supp.2d at 3; see also Jarrell v. United States Postal Serv., 753 F.2d 1088, 1091 (D.C.Cir.1985) (stating that "the head of the agency is the only proper defendant in a Title VII action").

In this case, the plaintiff although naming two entities and one individual, has only properly served the NSA.  However, the NSA did not employ the plaintiff, see Declaration of Joanne Moore.  Even if plaintiff had an employment relationship with the NSA, as an entity, it would still not be the proper party for suit under Title VII.

The U.S. Embassy-Berlin is simply the place where plaintiff alleges that he was employed and would not be a proper party under Title VII.[2]   See Complaint ¶ 5.  Finally, the complaint alleges that Defendant James Shaun Handy is plaintiff's "team leader" with the U.S.

---

[2] A U.S. embassy or consulate is a diplomatic mission abroad undertaken officially by the United States government.  An embassy is headed by the chief of mission (typically an ambassador) to a foreign country.  22 U.S.C. § 3927.  The embassy is made up of employees from a lot of different federal agencies (State, USAID, Commerce, Agriculture, Defense, etc).

Embassy - Berlin.  See Complaint, ¶ 9.  Thus, even if he were served, he would not be a proper party under Title VII as he is not a head of an agency.   Mr. Handy is also not an employee of NSA.  See Declaration of Joanne Moore.

Accordingly, there can be no Title VII action against the NSA or the other named defendants as it is only proper, and necessary, to name the head of an agency acting in his or her official capacity as the defendant in a Title VII action.

### B. Plaintiff Has Failed To Set Forth A Claim Pursuant To 42 U.S.C. § 1983.

Plaintiff's complaint alleges a violation of 42 U.S.C. § 1983.  See Complaint ¶ 5. Plaintiff can not show the deprivation of any right committed by a person acting under color of state law.  "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  Emphasis Added.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Section 1983 does not apply to federal officers acting under color of federal law.  See Abramson v. Bennett, 707 F. Supp. 13, 16 (D.D.C.), aff'd 889 F. 2d 291 (D.C. Cir. 1989) ("Section 1983 only applies to state officials acting under color of state law" not federal officials acting under color of federal law); see also Heck v. Humphrey, 512 U.S. 477 (1994) (stating that section 1983 provides access to a federal forum for claims of unconstitutional treatment at the hands of state officials).  Accordingly, plaintiff's claims under section 1983 must be dismissed for failure to state a claim upon which relief may be granted.

## IV. Conclusion

For all of the foregoing reasons, the complaint should be dismissed with prejudice.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 171538
Assistant United States Attorney

_____/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
 (202) 305-1334