## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID KELLER<br>Berliner Street, 28<br>14169 Berlin, Germany<br><br>           Plaintiff,<br><br>      v.<br><br>Condelezza Rice, Secretary of State,<br>United States Department of State;<br><br>and<br><br>James Shaun Handy, Janitorial<br>Department Leader, United States<br>Department of State, Berlin, Germany;<br><br>and<br><br>Ambassador William Robert Timken,<br>United States Department of State<br>Berlin Germany;<br><br>and<br><br>James Onusko, Director of Personnel<br>Security, Suitability Bureau of the<br>Diplomatic Security, United States<br>Department of State, Washington, DC;<br><br>and<br><br>Lieutenant General Keith Alexander,<br>The National Security Agency;<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. 1-06CV00816 |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AGAINST DISMISSAL OF THE NATIONAL SECURITY AGENCY AS A PROPER DEFENDANT

Plaintiff, David Keller, hereby submits this Memorandum of Law in support of this Motion to Deny Defendant's Motion to Dismiss the National Security Agency.

## I.     INTRODUCTION

Plaintiff is an African-American male who is retired from the United States Army. Plaintiff was employed by the United States Department of State from approximately July 17, 2000 through March 8, 2004, at the Defendant's United States Embassy in Berlin, Germany. Plaintiff was employed as a janitor.

During the course of his employment, Plaintiff performed duties in classified areas that required security clearance by the United States Government.

Plaintiff was dismissed on March 8, 2004. Plaintiff appealed his termination to the German courts. The German Labor Court, dismissed his case finding that it lacked the authority to reinstate Plaintiff to his position because Attorney Michael Eckert, representing the United States, advised the courts that the defendant, National Security Agency, had revoked his clearance.

## II.

Plaintiff Keller states that the National Security Agency is a proper party. (1) F.R.C.  p 10(a), 35, and **Tyrolf v. Veterans Administration 82 F.R.D. 372 (FDLA 1979)**

Although the rule requires a pleading be appropriately captioned, a defective caption does not deprive the court of its power to look beyond the caption in order to determine jurisdiction.

**Tyrolf v. Veterans Administration, 82 F.R.D. 372 (FDLA 1979)** further states that "a technical rule of pleading is not fatal in view of the broad principal underlying notice pleading under the federal rules."

Here the omission of Lieutenant General Keith Alexander, head of the National Security Agency, from the caption of plaintiff's complaint was not a fatal flaw in this action because the court has the power to look beyond the caption in order to determine jurisdiction.

## III.  DISCOVERY

Similarly, under F.R.C.D. 430(e) "If you bring a motion for summary judgment before discovery is complete, the court may deny or postpone the motion to afford the opposition an opportunity to show a germane issue of material fact for trial." **14 Footen v. Board of Governors, 48 ILL. 2d 580 (1971).**

Here the defendant's brought a motion to dismiss before discovery was complete or started or begun. A Motion to Dismiss is very similar to a Summary Judgment motion. It has the same effect. The National Security Agency will be dismissed from the complaint before discovery is complete.

If there is no discovery of who actually revoked the clearance then we can't tell if the complaint is sufficient. The clearance could have been revoked by the State Department or the National Security Agency.

This complaint was filed against the National Security Agency because Plaintiff isn't sure if James Onusko, Director of Personnel, Suitability Bureau of the Diplomatic Security, United States Department of State, Washington, DC, works for the National Security Agency or the State Department—the question presented is whether the State

Department can give a clearance independent of the National Security Agency. We can only determine this through the discovery process.

## IV.    CONCLUSION

For all the reasons set forth in the Memorandum in Support of Plaintiff's response to the Motion to Dismiss the National Security Agency, Plaintiff requests the Defendant's Motion to Dismiss the National Security Agency  be denied until discovery is complete.

Respectfully submitted,

Allen Wilson, Esq.
1000 Connecticut Avenue, NW
Suite 600
Washington, DC 20036
202-508-3794
DC Bar #479284