# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID KELLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 06-0816 (RMC)** |
| | ) |
| **EMBASSY OF THE UNITED STATES** | ) |
| **OF AMERICA at BERLIN, GERMANY,** | ) |
| **et. al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| _____ | ) |

## DEFENDANTS' MOTION TO DISMISS
## THE PLAINTIFF'S AMENDED COMPLAINT

_____Defendants respectfully move this Court to dismiss the above-captioned complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). Due to the nature of this motion, plaintiff's concurrence has not been sought. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/

_____
                                HEATHER D. GRAHAM-OLIVER
                                Assistant United States Attorney
                                Judiciary Center Building
                                555 4th St., N.W.
                                Washington, D.C.  20530
                                (202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 06-0816 (RMC) |
| | ) |
| EMBASSY OF THE UNITED STATES | ) |
| OF AMERICA at BERLIN, GERMANY, | ) |
| et. al. | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| _____ | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

I.     STATEMENT OF THE CASE

Plaintiff asserts claims under 42 U.S.C. §1983, the Fifth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the Equal Protection Clause of the Fourteenth Amendment alleging *inter alia* that he was wrongfully discharged from employment with the United States Embassy in Berlin, Germany.  Amended Complaint at p.2, ¶ 5; p. 5, ¶ 24; and p. 6, ¶ 10.  Plaintiff has named Condoleezza Rice, Secretary of State, United States Department of State; James Shaun Handy, Janitorial Department Leader, United States Department of State, Berlin, Germany; Ambassador William Robert Timken, United States Department of State, Berlin Germany; James Onusko, Director of Personnel Security and Suitability, Bureau of Diplomatic Security, United States Department of State, Washington, DC; and Lieutenant General Keith Alexander, National Security Agency, as

defendants.  He has properly served the National Security Agency and the Department of State.[1]

He has failed to serve any of the named individuals in their individual capacity.

II.     **Standard of Review**

   A.   **Requests for Dismissal**

       Requests for dismissal for lack of jurisdiction over the subject matter pursuant to

Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6) require a particular standard of review.   A court may

resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two

ways.  First, the court may determine the motion based solely on the complaint. Herbert v.

National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, a court may

look beyond the allegations of the complaint, consider affidavits and  other extrinsic information.

 Id.

       In considering a motion to dismiss under Rule 12(b)(6) , the Court

must view facts alleged in the complaint in the light most favorable to the plaintiff.  Conley v.

Gibson, 355 U.S. 41, 45-46 (1957); Nix v. Hoke, 139 F.Supp.2d 125 (D.D.C. April 2001), citing,

Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001); see also, Slaby v.

Fairbridge, 3 F.Supp.2d 22, 27 (D.D.C. 1998). A complaint should be dismissed if it "appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." Conley, 355 U.S. at 46.  Applying these standards leads to the conclusion

that Plaintiff's complaint should be dismissed in its entirety.

---

   [1]  Plaintiff has failed to successfully effectuate personal service over any of the named
defendants in their personal, non-official capacities.

## III. ARGUMENT

### A. Sovereign Immunity Bars Any Claims For Damages Against the Department of State, the National Security Agency and the Individual Defendants in Their Official Capacities.

To the extent that plaintiff seeks damages against the Department of State, the National Security Agency or the individual federal defendants in their official capacities, his claims must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F. Supp.11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49 , 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992). Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government. Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984). Plaintiff's complaint does not contain any colorable basis for such a waiver. Therefore, to the extent plaintiffs assert claims for damages against the Federal agencies and the individual federal defendants in their official capacities such claims must be dismissed for lack of subject matter jurisdiction.

Moreover, the United States has not waived its sovereign immunity with respect to constitutional claims. The United States, as any government, is subject to suit only in cases in which it has expressly consented to be sued. E.g., United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Sherwood, 312 U.S. 584, 586 (1941). Although the United States has waived its sovereign immunity in certain limited cases, constitutional tort claims are not included in the waiver and therefore are not actionable. See FDIC v. Meyer, 510 U.S. 471, 477-478 (1994).

3

**B.  Plaintiff May Not Assert A Claim Against Federal Defendants Pursuant To 42 U.S.C. § 1983.**

The plaintiff's amended complaint alleges a violation of 42 U.S.C. § 1983 (Section 1983).  Amended Complaint p.2.  Plaintiff can not show the deprivation of any right committed by a person acting under color of state law.  "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added).

Clearly, in the instant case none of the named defendants were acting "under color of state law."  All of the named defendants are federal officers, presumably acting under the authority of federal law.  Section 1983 does not apply to federal officers acting under color of federal law.  "The traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  Id., at 49.  See Abramson v. Bennett, 707 F. Supp. 13, 16 (D.D.C. 1989), aff'd 889 F. 2d 291 (D.C. Cir. 1989) ("Section 1983 only applies to state officials acting under color of state law" not federal officials acting under color of federal law); Heck v. Humphrey, 512 U.S. 477 (1994) (stating that section 1983 provides access to a federal forum for claims of unconstitutional treatment at the hands of state officials); and Williams v. United States, 396 F.3d. 412 (D.C. Cir. 2005) (private policeman employed by the U.S. Printing office did not act under color of District of Columbia law when he made an arrest for disorderly conduct).  Accordingly, plaintiff's claims under Section 1983 must be dismissed for failure to state a claim upon which relief may be granted.

4

Moreover, the Fourteenth Amendment applies only to states and not to the federal government.  See Bolling v. Sharpe, 347 U.S. 497, 499 (1954).  Accordingly, Plaintiff's claims brought under § 1983 and the Fourteenth Amendment should be dismissed.

### C.  Defendants Were Not Properly  Served

It is well-established that, in an action against a federal employee in his or her individual capacity, the individually sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure.  Rule 4(e) requires that a copy of a summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.  Service on the U.S. Attorney in the district where the action was brought pursuant to Fed. R. Civ. P. 4(i) "does not obviate the requirement of personal service under Fed. R. Civ. P. 4(d)(1) where the action is in substance against a federal official in his individual capacity".  See Lawrence v. Acree, 79 F.R.D. 669, 670 (D. D.C. 1978).

Similarly, service at a place of business does not satisfy the service rule.  Here, defendants were not personally served pursuant to Fed. R. Civ. P. 4(e).  Service was at defendants' place of employment.  See Declaration of Christopher R. Riche, Exhibit A. Constructive notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980). The service of process thus being defective as to the defendants in their individual capacities, this action cannot proceed against them personally.  Micklaus v. Carlson, 632 F.2d 227, 240 (3rd Cir. 1980); Griffith v. Nixon, 518 F.2d 1195, 1196 (2d Cir. 1985), cert. denied, 423 U.S. 995

(1975).  Until proper service is obtained there is no claim against the individual defendants in

their personal capacities.

### D.  Plaintiff Has Failed to Exhaust Administrative Remedies Under Title VII.

A federal employee such as plaintiff may assert a Title VII complaint in federal court

only after a timely complaint has been presented to the agency involved.  <u>See</u> 29 C.F.R. §

1614.105(a); <u>Brown v. General Servs. Admin.</u>, 425 U.S. 820, 832 (1976); <u>Siegel v. Kreps</u>, 654

F.2d 772, 776 (D.C. Cir. 1981); <u>Smith v. Dalton</u>, 971 F. Supp. 1, 4 (D.D.C. 1997).  The purpose

of the exhaustion requirement in Title VII cases is to provide the agency with notice of the claim

of alleged discrimination and an opportunity to rectify any wrong through the conciliation

process or through administrative relief.  <u>Brown v. Marsh</u>, 777 F.2d 8, 14 (D.C. Cir. 1985); <u>see</u>

<u>also</u> <u>Brown v. General Servs. Admin.</u>, 425 U.S. at 833-35.

Because conciliation and intra-agency resolution, rather than litigation, are the objectives

of Title VII, the courts have found exhaustion of statutory administrative remedies a prerequisite

to judicial relief.  <u>Siegel</u>, 654 F.2d at 776-77.  A plaintiff will run afoul of this requirement if he

or she fails to bring a complaint to the attention of an EEO counselor within the time limits

prescribed by 29 C.F.R. § 1613.105(a)(1), <u>i.e.</u>, within 45 days of the alleged discriminatory

action.  <u>Bowden v. United States</u>, 106 F.3d 433, 437-38 (D.C. Cir. 1997); <u>Brown v. Marsh</u>, 777

F.2d at 14; <u>see</u> <u>also</u> <u>National Railroad Passenger Corporation v. Morgan</u>, 536 U.S. 101 (2002);

<u>Battle v. Rubin</u>, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable

administrative complaints and appeals in order to bring a claim in federal court"); <u>Williams v.</u>

<u>Munoz</u>, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to

initiation of a Title VII action").  As the U.S. Supreme Court recently reiterated in <u>Morgan</u>,

6

supra, "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"  536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

In this matter, plaintiff seeks to present matters in this federal court proceeding that were never before the agency at the administrative level.  Specifically, there is no record of plaintiff's having made EEO contact with the agency concerning any aspect of his claim. See Declaration of Jacqueline A. Canton, Exhibit B.  As exhaustion of administrative remedies is mandatory, any claim brought under Title VII should be dismissed.  See Bayer v. United States Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Kizas v. Webster, 707 F.2d 524, 543 (D.C. Cir.1983)).

## IV.  CONCLUSION

For all of the foregoing reasons, the complaint should be dismissed with prejudice.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/

7

_____
　　　　　HEATHER D. GRAHAM-OLIVER
　　　　　Assistant United States Attorney
　　　　　Judiciary Center Building
　　　　　555 4th St., N.W.
　　　　　Washington, D.C.  20530
　　　　　(202) 305-1334