RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 JAN 18 PM 3: 44

NANCY M.
MAYER-WHITTINGTON
CLERK

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER<br>Berliner Street, 28<br>14169 Berlin, Germany<br><br>    Plaintiff,<br><br>v.<br><br>Condelezza Rice, Secretary of State,<br>United States Department of State;<br><br>and<br><br>James Shaun Handy, Janitorial<br>Department Leader, United States<br>Department of State, Berlin, Germany;<br><br>and<br><br>Ambassador William Robert Timken,<br>United States Department of State<br>Berlin Germany;<br><br>and<br><br>James Onusko, Director of Personnel<br>Security, Suitability Bureau of the<br>Diplomatic Security, United States<br>Department of State, Washington, DC;<br><br>and<br><br>Lieutenant General Keith Alexander,<br>The National Security Agency;<br><br>    Defendants. | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Case No. 1:06CV00816<br><br>Judge: Rosemary M. Collyer<br><br>Deck Type: Employment Discrimination<br><br>Date Stamp: 05/02/2006 |

## MEMORANDUM OF POINTS AND AUTHORITY
## TO DENY THE MOTION TO DISMISS OR SUMMARY JUDGMENT

1.      Plaintiff is an African American male who is retired from the United States Army. Plaintiff was employed by the United States Department of State from approximately July 17, 2000 through March 8, 2004, at the Defendant United States Embassy in Berlin, Germany. Plaintiff was employed as a janitor.

Plaintiff's job description and duties did not change during the course of his employment.

2.      On approximately October 19, 2003, the Department of State made a so-called Personnel Service Agreement with Plaintiff that changed Plaintiff from being paid in United States dollars to European dollars. Plaintiff signed the agreement and returned to his position as a janitor, however, plaintiff was classified as a doorman in his personnel file. Plaintiff was in the Army and only Marines can serve as a doorman..

Plaintiff requested in writing a due process hearing from the United States Embassy Human Resources Office William S. Heller, who also served as the United States Ambassador's representative. No response was obtained.

This is the pretext that the State Department used to put Plaintiff on probation.(doorman) This allowed Plaintiff to be terminated without notice or any opportunity to be heard.

3. Plaintiff appealed his termination to the German Labor Court, which dismissed the case finding that it lacked the authority to reinstate Plaintiff to his position because his security clearance and classified status had been rescinded.

4. On January 19, 2006, James Onusko of the State Department advised that he had no resulting right to appeal.. This revocation of Plaintiff's security clearance without offering him an opportunity to be heard constituted a 5th amendment violation.

5.      Defendant James Shawn Hardy, Janitorial Team Leader, His used his position as plaintiff'sforeman On numerous occasions to harass and intimidate plaintiff on the basis of plaintiff's race ,including the fact that the plaintiff is married to a German Caucasian woman.

6.Plaintiff entered into a Personal Service Agreement regarding his employment. The Agreement provides that German law shall apply. The provisions of the Agreement violates public policy in that it serves to deny a United States citizen of the protection of United States law.

## I.      <u>Standard of Review</u>

<u>The Request for Dismissal should be dismissed under Federal Rules of Civil Procedure 12(b)1 and Rule 112(b)6,</u>

Rule 12(b)6 states that a complaint should be dismissed if it appears beyond doubt that the plaintiff can present no set of facts in support of his claim which would enable him to relief, Here defendant relies on Conley v. Groham, 355 US.41, 45, 46 (1975) and 12(b)61, and 6.

Conley, "In appraising the sufficiency of the complaint we follow of course the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would enable him to relief.

Here, Plaintiff's complaint alleged that the U.S. Department of State terminated Plaintiff unlawfully without notice and an opportunity to be heard. Plaintiff states that his clearance (security) was revoked unlawfully; he was discriminated against because of his race.

3

<u>12(b)6 This is a complaint that was filed against the U.S. Department of State.</u> The Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he basis his claim. To the contrary all the rules require is a short and plain statement of the claim that will give the Defendant fair notice of what the Plaintiff's claim is, and the grounds upon which it rest. Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the rules to /disclose more precisely the basis of both claim and defense, and define more narrowly the dispute facts and issues.

Therefore, Plaintiff's complaint should not be dismissed under Fed. R. C. P. 12(b)(1) and 12(b)(6).

II. <u>Sovereign Immunity will permit Plaintiff to recover non-monetary relief as requested in the complaint.</u>

Dronenburg v. Zub, 741 F2d 1388, 1389-91 of 1976 amendments to 702 Administrative Procedure Act, 5 U.S.C - 702 – eliminated the sovereign immunity defense in virtually all actions for non-monetary relief against a U.S. agency or office acting in an official capacity.

The Plaintiff requested in his complaint;

(1) Injunctive relief requiring the Defendant to reinstate Plaintiff's security clearance and janitor position.

(2) Injunctive relief requiring the Defendant to provide Plaintiff a due process hearing regarding the revocation of his security clearance.

There are no sovereign immunity bar to these non monetary recovery.

III. In Larson v. Domestic and Foreign Corporation 337 U.S. 682, 689-91. Larson ``stated that "sovereign immunity does not bar suits against government officials where the challenged actions of the officials are unconstitutional or beyond the official statutory authority (ultra vires).``

Here, Plaintiff can recover because he is requesting specific non-monetary relief, Clark and Larson, 337 U.S. 689.

``Here, the State Department terminated Plaintiff without notice or a hearing. Plaintiff was a janitor long after his probationary period ended.

In addition, it was an ultra vires act to vacate Plaintiff's security clearance after more than twenty years (Army retired) without a hearing.

Plaintiff can assert a claim against a Federal Defendant pursuant to 42 USC § 1983.

Here, Plaintiff is suing the State Department. 42 USC § 1983 only fashions a remedy and it is not a jurisdictional statute. A person asserting a claim thereunder must look to the other authority to obtain jurisdiction in Federal courts. Here 28 U.S..C.A. § 1343(a)(3) confers jurisdiction for 42 US CA § 1983 actions on Federal courts.

The acts of the State Department were federal acts  part of 42 USC § 1983 and they are covered with in 42 USC § 1983.

We can distinguish West v. Atkins 487 487 U.S. 42, 48 from the facts in Plaintiff's case.

In West, a private physician under contract with North Carolina to provide services at a state prison hospital on a part-time basis, treated petitioner for a leg injury sustained when petitioner was incarcerated in state prison. Here, the doctor was acting under color of state law.

5

In our case, the official that terminated Plaintiff was acting under Federal law. In Abramson v. Bennett 707 F.Supp 13, 16 (D.D.C., 1989), the named plaintiff in this suit has a child who is an eighth grade student in Crestwood Junior High School in the Commonwealth of Virginia. Mr. Abramson contends that the education his child is receiving at this school is inferior to that received by children in other schools in the Commonwealth of Virginia. Mr. Abramson attributes the alleged inferior quality of his child's education to other school districts, lines resulting in larger black student population and an appointed board rather than elected school board.

Here, we have a state official acting under the color of state law.

. Here, Plaintiff asserts his claim under acts committed by the federal officials at the state department . These acts are federal acts and claims can be asserted against State Department officials.

IV..Defendants were properly served

Rule 4(e)(2) – Service upon individuals within a judicial District of the United States, 4(e)(2) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiff served the State Department's Agent. Plaintiff requested the designated State Department Agent and was provided with Chris Richey, at the United States Department of State, 2201 C Street, NW, Washington, DC 20520. McKinley Nell, Secretary of Legal Department, authorized to accept.

The services were on defendant in their indivual and official capacity.

V.Plaintiff exhausted all administrative remedies

6

Plaintiff requested in writing a due process hearing from the United States Embassy Human Resources Office. William S. Holden, who was served as the United States Ambassador's representative. No response was obtained.

Then, Plaintiff filed a law suit in the German Labor Court. This case was dismissed because Plaintiff's security clearance was revoked and the German court stated that they did not have jurisdiction.

Respectfully Submitted

<u>The Summary Judgment Request by Defendant should be denied.</u>

Under F.R.C.D. 430(e), "If you bring a motion for summary judgment before discovery is complete, the court may deny, postpone the motion to afford the opposition an opportunity to show germane causes of material fact for trial 13 Footen v, Board of Governors, 48 ILL.2nd 580 (1971)).

The Plaintiff filed a complaint against the Defendant. Defendant has filed no answer. There are material issues of fact presented by the Plaintiff. Plaintiff is alleging that he was a permanent employee, but he was terminated without notice or a hearing. T.

Here, Plaintiff's complaint set a claim(s) and gave the Plaintiff fair notice of the basis of his complaint. In Maty v. Gassellill Chemical CO., 303 US. 197, "The Federal Rules reject the approach that pleading is a game of skill in which one mishap by counsel may be decisive to the extreme and accept the principle that the purpose of the pleading is to facilitate a proper decision on the merits."

The court should deny summary judgment.

8


Respectfully Submitted,

Dated: 1-18-07

*/s/ Allen Wilson*

Allen Wilson, Esq.
1000 Connecticut Avenue, NW
Suite 600
Washington, DC 20036
202-508-3794
DC Bar #479284

7

```
   Current Class: UNCLASSIFIED                                  Page: 1
   Current Handling: n/a
   Document Number: 2004STATE122732                           Channel: n/a

      ORIGIN L-00

   INFO  LOG-00    MFS-00    AMAD-00   EAP-00    EUR-00    UTED-00   FOE-00
         VC-00     TEDE-00   VCE-00    PA-00     PER-00    IRM-00    TEST-00
         FMP-00    R-00      LBA-00    ALM-00    SAS-00    /000R

   122732
   SOURCE:    KODAKD.003031
   DRAFTED BY: L/DL:J.VANDERLYKE -- 05/27/04 647-1074   (#117622)
   APPROVED BY: L/DL:C.LIGHT
   EUR/EX:L.DEGRAFFENRIED      DOJ/OFL:R.HOLLIS
   DESIRED DISTRIBUTION:
   EUR/EX/PMO
                        ------------------281E58  030821Z /38
   R 030815Z JUN 04
   FM SECSTATE WASHDC
   TO AMEMBASSY BERLIN
   INFO AMEMBASSY LONDON
   DOJ WASHDC

   UNCLAS STATE 122732
```

Dept. of State, RPS/IPS, Margaret P. Grafeld, Dir.
(✓) Release ( ) Excise ( ) Deny ( ) Declassify
Date 11/16/06   Exemption _____

LONDON FOR DOJ REP JIM GRESSER

E.O. 12958: N/A
TAGS: AMGT, KLIG, APER
SUBJECT: NEW LITIGATION: DAVID L. KELLER V. THE UNITED
STATES OF AMERICA

DOJ/OFL FOR ROBERT HOLLIS

1. ON MAY 25, 2004, THE DEPARTMENT OF JUSTICE (DOJ)
ACCEPTED SERVICE IN THE ABOVE-REFERENCED CASE. THE SUIT
PAPERS INDICATE THAT DAVID KELLER WAS EMPLOYED AS A
JANITOR AT THE EMBASSY FROM MARCH 27, 2000 THROUGH OCTOBER
4, 2003. ON OCTOBER 5, 2003, MR. KELLER ASSUMED HIS NEW
JOB AS A DOORMAN AT THE EMBASSY. PRIOR TO BEGINNING HIS
NEW ASSIGNMENT, MR. KELLER WAS INFORMED THAT HE MUST SERVE
A SIX-MONTH PROBATIONARY PERIOD AFTER WHICH AN INTERIM
PERFORMANCE REPORT WOULD BE ISSUED. MR. KELLER ALSO WAS
INFORMED THAT IN ORDER TO CONTINUE IN THE DOORMAN
POSITION, HE MUST RECEIVE AN OVERALL ASSESSMENT OF "FULLY
SUCCESSFUL" OR BETTER ON THE INTERIM PERFORMANCE RATING.
ON FEBRUARY 23, 2004, THE EMBASSY INFORMED MR. KELLER THAT
HIS SERVICES NO LONGER WERE NEEDED AND HIS EMPLOYMENT
WOULD BE TERMINATED AS OF MARCH 8, 2004.  MR. KELLER IS
SEEKING TO HAVE THE COURT DETERMINE HIS EMPLOYMENT WITH

THE EMBASSY WAS NOT TERMINATED BY THE EMBASSY'S LETTER OF

   Current Class: UNCLASSIFIED                                  Page: 1

Current Class: UNCLASSIFIED                                  Page: 2
Current Handling: n/a
Document Number: 2005BERLIN02251                             Channel: n/a

individual who is in litigation with the United Stated
Government, and/or with legal counsel hired by him/her.

*ER2*

Since your client is in litigation with the United States
Government, I am afraid I cannot discuss any issues
surrounding this case with you but would have to refer you
to our DOJ appointed legal counsel in subject case, Mr.
Michael Eckert, Sofienstrasse 17, 69115 Heidelberg,
06221 - 91 40 50.
Unquote

4.   Please advise post if the suggested text is a viable
option, or if post should effect any changes.

5.   If you require further information, please do not
hesitate to contact Heike Kleiber in HR Berlin.  Thank you.

CLOUD

NNNN

# INTERAGENCY FOREIGN SERVICE NATIONAL EMPLOYEE POSITION DESCRIPTION

Prepare according to instruction given in Local Employee Position Classification Handbook, Appendix B and 1979 A-3606

| 1. POST | 2. AGENCY | 3. POSITION NO. |
|---|---|---|
| U.S. Embassy, Berlin | State | |

**4. REASON FOR SUBMISSION**

[X] a. Reclassification: This position replaces

Position(s) No. __96615__  __Janitor/Laborer__ (Title), __FP-9__ (Series) _____ (Grade)

No. _____ _____ (Title) _____ (Series) _____ (Grade)

[ ] b. New Position

[X] c. Other (explain) ) PSA PLUS IMPLEMENTATION

| 5. CLASSIFICATION ACTION | Position Title and Series Code | Grade | Initials | Date |
|---|---|---|---|---|
| a. Post Classification Authority | Janitor; FSN-1305 | 01 | WSH | |
| b. Other | | | | |
| c. Recommended by Initiating Office | Janitor | FSN 1 | | |

| 6. POST TITLE POSITION (if any) | 7. NAME OF EMPLOYEE |
|---|---|
| Janitor | David Keller |

| 8. MISSION OR OFFICE | |
|---|---|
| U.S. Embassy, Berlin | c. Third Subdivision |
| a. First Subdivision | d. Fourth Subdivision |
| Administrative Section | |
| b. Second Subdivision | e. Fifth Subdivision |
| Facilities Maintenance | |

9. This is a complete and accurate description of the duties and responsibilities of my position. There is a valid management need for this position

_[signature]_ Signature of Employee    Date

10. This is a complete and accurate description of the duties and responsibilities of this position.

_[signature]_ Signature of Local Supervisor    4/3/03 Date

11. This is a complete and accurate description of the duties and responsibilities of this position. There is a valid management need for this position.

_[signature]_ Signature of American Supervisor    4/2/03 Date

12. I have satisfied myself that this is an accurate description of this position, and I certify that it has been classified in accordance with appropriate Local Employee Position Classification Handbook (LPEPCH) standards.

William S. Holden _[signature]_   6/5/03
Signature of Administrative or Personnel Officer    Date

**13. BASIC FUNCTION OF POSITION**

The incumbent is responsible for a wide variety of cleaning duties, and various kinds of unskilled manual laborer tasks in the unclassified/core classified areas in the Clayallee Office Building and associated operational buildings.

**14. MAJOR DUTIES AND RESPONSIBILITIES**    % OF TIME

The incumbent will work alone or as a member of a work crew assuring the cleanliness of the property.

A. As assigned by the building maintenance supervisor, the incumbent will follow the established cleaning schedule. He will perform all custodian tasks using the appropriate tools, chemicals and related items to maintain the cleanliness of the building and the contents of the building such as furniture and appliances etc. He is responsible for keeping the grounds, parking lot and associated structures such as the guardhouse, driver's lounge, and other structures on the compound in clean and well-kept condition.

(continue on blank sheet)

NSN7540-01-124-5050    50298-101    OPTIONAL FORM 298(11-81) DEPT. OF STATE