UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:06CV00816 |
| CONDOLEEZZA RICE,<br>Secretary of State,<br>U.S. Department of State,<br>et al. | ) |
| Defendants. | ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

The Defendants hereby answer plaintiff's Second Amended Complaint as follows:

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Insufficiency of service of process.

**Second Affirmative Defense**

Plaintiff fails to state a claim upon which relief can be granted.

**Third Affirmative Defense**

Plaintiff has failed to timely exhaust his administrative remedies.

**Fourth Affirmative Defense**

Insufficiency of process.

JURISDICTION/VENUE

1.  Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 1 and thus denies the same.

2.  Defendants admit that Plaintiff was employed at the U.S. Embassy in Berlin, Germany ("Embassy Berlin"), as a Custodian/Janitor, sometimes referred to as Janitor/Laborer, under a personal services contract from July 2000 through October 2003 and that Plaintiff was employed at Embassy Berlin as a Janitor under an employment arrangement called "PSA Plus" ("PSA" stands for "Personal Services Agreement") from October 2003 to March 2004.  Defendants deny all other allegations contained in paragraph 2.

3.  Defendants deny the allegations contained in the first sentence of paragraph 3, except to admit that Embassy Berlin is an overseas post of the U.S. Department of State, which is headquartered in Washington, D.C.  Defendants admit that venue is appropriate.

4.  Defendants deny the allegations contained in the first sentence of paragraph 4.

5.  Paragraph 5 contains conclusions of law as opposed to averments of fact to that extent an answer is not required and the allegations are denied.

6.  Paragraph 6 contains conclusions of law as opposed to averments of fact to that extent an answer is not required and the allegations are denied.

7.  Paragraph 7 contains conclusions of law as opposed to averments of fact to that extent an answer is not required and the allegations are denied.

8.  Paragraph 8 contains conclusions of law as opposed to averments of fact to that extent an answer is not required and the allegations are denied.

FIRST COUNT

1. Defendants restate and incorporates their answers to paragraphs 1-8 as if they were fully set forth herein.

2. Defendants deny the allegations contained in paragraph 2 of the First Count.

3. Defendants deny the allegations contained in paragraph 3 of the First Count.

4. Defendants deny the allegations contained in paragraph 4 of the First Count.

5. Defendants admit that Plaintiff was employed at Embassy Berlin as a Custodian/Janitor, sometimes referred to as Janitor/Laborer, under a personal services contract from July 2000 through October 2003 and that Plaintiff was employed at Embassy Berlin as a Janitor under the PSA Plus employment arrangement from October 2003 to March 2004. Otherwise, the allegations contained in paragraph 5 of the First Count are denied.

6. Defendants deny the allegations contained in paragraph 6 of the First Count.

7. Defendants admit the allegations contained in paragraph 7 of the First Count.

8. Defendants deny the allegations contained in paragraph 8 of the First Count.

9. Defendants admit the allegations contained in paragraph 9 of the First Count.

10. Defendants deny the allegations contained in paragraph 10 of the First Count.

11. Defendants deny the allegations contained in paragraph 11 of the First Count.

12. Defendants admit that Embassy Berlin entered into a "PSA Plus" employment arrangement with Plaintiff in October 2003. Otherwise, the allegations contained in paragraph 12 are denied.

13. Defendants admit that Plaintiff was terminated in March 2004. Otherwise, the allegations contained in paragraph 13 are denied.

14. Defendants deny the allegations contained in paragraph 14 of the First Count.

15. Defendants admit that before Plaintiff's termination, meat was found in either a refrigerator or a freezer. Defendants also admit that the refrigerator or freezer was accessible to both Mr. Handy and Plaintiff. Otherwise, the allegations contained in paragraph 15 are denied.

16. Defendants deny the allegations contained in paragraph 16 of the First Count.

17. Defendants deny the allegations contained in paragraph 17 of the First Count.

18. Defendants deny the allegations contained in paragraph 18 of the First Count.

19. Defendants admit that Plaintiff challenged his dismissal in a German court. Defendants also admit that a German court rejected Plaintiff's challenge. Otherwise, the allegations contained in paragraph 19 are denied.

20. Defendants deny the allegations contained in paragraph 20 of the First Count.

21. Defendants deny the allegations contained in paragraph 21 of the First Count.

22. Defendants admit that in/or about January 2006, James Onusko of the Department of State's Office of Diplomatic Security advised Plaintiff that he had no right to appeal the termination of his security clearance. Otherwise, the allegations contained in paragraph 22 are denied.

23. Defendants deny the allegations contained in paragraph 23 of the First Count.

24. Defendants deny the allegations contained in paragraph 24 of the First Count.

## SECOND COUNT

1. Defendants restate and incorporate their answers to paragraphs 1-24 as if they were fully set forth herein.

2. Defendants deny the allegations contained in paragraph 2, Second Count, but admit the allegations with respect to the Department of State.

3. Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 3, Second Count as to the race of Plaintiff. Defendants deny the balance of the allegations contained in paragraph 3, Second Count.

4. Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 4, Second Count.

5. Defendants deny that Mr. Handy was Plaintiff's immediate foreman. Defendants admit that Mr. Handy is a white male. Otherwise, the allegations contained in paragraph 5, Second Count are denied

6. Defendants deny the allegations contained in paragraph 6, Second Count.

7. Defendants deny the allegations contained in paragraph 7, Second Count.

8. Defendants admit that the person hired to replace plaintiff was a white male. Otherwise, the allegations contained in paragraph 8, Second Count are denied.

9. Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 9, Second Count.

10. Paragraph 10 contains conclusions of law as opposed to averments of fact to that extent an answer is not required, and the allegations contained in paragraph 10, Second Count are denied.

## **DAMAGES**

1. Defendants deny the allegations contained in paragraph 1, Damages.

2. Defendants deny the allegations contained in paragraph 2, Damages.

The remainder of the Complaint sets forth Plaintiff's prayer for relief to which no response is required. To the extent that a response is required, Defendants deny that the Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever.

Defendants deny each and every allegation in the Complaint that has not been previously otherwise qualified or denied.

WHEREFORE, Defendants request that the Complaint be dismissed with prejudice and that the Court grant such other and further relief as the Court may deem just and proper.

DATED: This ____ day of February, 2007.

      Respectfully submitted,

        /s/

      _____
      JEFFREY A. TAYLOR, D.C. Bar # 498610
      United States Attorney

        /s/

      _____
      RUDOLPH CONTRERAS, D.C. Bar # 434122
      Assistant United States Attorney


      _____
      HEATHER D. GRAHAM-OLIVER
      Assistant United States Attorney
      Judiciary Center Building
      555 4th St., N.W.
      Rm. 4-4808
      Washington, D.C. 20530
      (202) 305-1334