UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER ) | |
| Berliner Street, 28 ) | |
| 14169 Berlin, Germany ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| Condeleza Rice, Secretary of State, ) | COMPLAINT |
| United States Department of State; ) | |
| ) | JURY TRIAL DEMANDED |
| and ) | |
| ) | Case No. 1-06CV00816 |
| James Shaun Handy, Janitorial ) | |
| Department Leader, United States ) | Judge Rosemary M. Collyer |
| Department of State, Berlin, Germany; ) | |
| ) | Deck Type: Employment Discrimination |
| and ) | |
| ) | Date Stamp: 05/02/2006 |
| Ambassador William Robert Timken, ) | |
| United States Department of State ) | |
| Berlin Germany; ) | |
| ) | |
| and ) | |
| ) | |
| James Onusko, Director of Personnel ) | |
| Security, Suitability Bureau of the ) | |
| Diplomatic Security, United States ) | |
| Department of State, Washington, DC; ) | |
| ) | |
| and ) | |
| ) | |
| Lieutenant General Keith Alexander, ) | |
| The National Security Agency; ) | |
| ) | |
| Defendants ) | |

**FACTS**

1. Plaintiff David Keller is an African American who retired from the Army.

2. Plaintiff was employed by the United States Department of State from July 17, 2000 to March 8, 2004, at the United States Embassy in Berlin, Germany. Plaintiff was employed as a janitor (contract duties remain the same).

3. Plaintiff performed his duties satisfactorily during his employment. He maintained a satisfactory employment record and successfully completed his probationary period.

4. Defendant Shawn Handy was Plaintiff's team leader. In 2003, Plaintiff made a complaint to Mr. Handy's supervisor, that Mr. Handy was always late for work. Mr. Handy was disciplined. Subsequently, Plaintiff was accused of stealing meat out of a refrigerator that both used.

5. On October 19, 2003, the Department of State made a Personnel Service Agreement with Plaintiff that changed him from being paid in United States dollars to European euros.

6. Plaintiff has a signed contract stating that he was to continue his same duties as a janitor, however, his personnel file indicates that he was hired as a doorman. Plaintiff was retired from the Army and only Marines can be doorman at the Embassy.

7. Plaintiff was terminated on March 8, 2004. The stated reason for his termination was that his position had been phased out, but ads for the position were displayed only days later.

8. Immediately before Plaintiff's termination, stolen meat was found in a community refrigerator accessible to both Plaintiff and Defendant Handy.

9. Plaintiff was never accused of stealing meat by the State Department's representative, and there was no evidence that Plaintiff stole meat.

10. Plaintiff requested a due process hearing from United States Embassy Human Resources Officer William S. Holden, who also served as the United States Ambassador's representative. No response was obtained.

11. Plaintiff appealed his termination to the German Labor Court. The case was dismissed because the court lacked the authority to reinstate Plaintiff because his security clearance had been revoked.

12. Michael Eckert, Esq., counsel for the United States, advised the German court that the State Department had terminated Plaintiff's security clearance upon the termination of his employment.

13. During the German court hearing Plaintiff was advised for the first time that the reason for his termination was that he was accused of stealing meat. No other employee besides Plaintiff had been terminated for that reason.

14. On January 19, 2006, James C. Onusko of the State Department advised Plaintiff that he had no resulting right to appeal his clearance revocation.

15. The revocation of Plaintiff's security clearance for theft has significantly stigmatized his reputation and will preclude him from obtaining Federal employment in other agencies.

16. Plaintiff is an African-American and a member of a protected class.

17. Plaintiff was fired and replaced with a Caucasian.

18. Plaintiff was qualified for the position he held as a janitor.

19. Plaintiff was harassed by his supervisor, Defendant James Shaun Handy (a white male), on numerous occasions because of his race, and the fact that he is married to a German Caucasian woman.

20. Plaintiff had complained to Defendant Handy's supervisor, Joachim Steffnhagen, about the conduct and he failed to take remedial action.

21. Plaintiff entered into a Personnel Service contract with Defendant regarding his employment.

22. The contract provides that part of the German law shall apply, however, the German court was unable to resolve the matter. Therefore, Plaintiff had to bring the case in the United States District Court.

## ISSUES AND LAW

1. **Wrongful Termination**:

   The question presented is whether David Keller was wrongfully terminated as a janitor from the United States Department of State?

   42 U.S.C §1983 1. For a state actor's failure to provide procedural due process, we employ the familiar two-stage analysis…(1) Whether the asserted individual interest are encompassed within the fourteenth amendment's protection of life, liberty, or property and (2) Whether the procedure available provided the plaintiff with due process of law Alvin v. Suzuki, 227 F, 3d 107,116.

2. **Racial Discrimination**

   Can Plaintiff establish racial discrimination against the State Department?

   42 U.S.C. §1981, Brown v. City of Oneonta 195 F3d 111. To establish a claim under §1981, a plaintiff must allege facts in support of the following elements: (1) The plaintiff is a member of a protected class; (2) that plaintiff was qualified for the position and (3) that plaintiff was discharged under circumstances that give rise to an inference of unlawful discrimination. Rodriguez v. Lauren 77 F.Supp.2d, 643, 649.

3. **Injunction to reinstate plaintiff's clearance**:

<u>Can Plaintiff demand a hearing for the revocation of his security clearance</u>? Plaintiff can argue in <u>Ranger v. Tenet, 274 F.Supp.2d 1</u>. Although no one may hold a property interest in a security clearance…a federal agency's revocation of a security clearance may give rise to a due process claim for injury to a liberty interest in reputation, Citing <u>Doe v. Casey 796 F2d 1508,1522</u> and <u>Kartseva v. Dep't of State, 37F.3d 1524 (D.C.Cir.1994)</u>.

4. **Damages**

<u>Can Plaintiff recover damages for racial discrimination and wrongful termination</u>?

Title VII of the Civil Rights Act of 1964 forbids employment discrimination. In 1972, Congress extended Title VII so that it applies not only to employment in the private sector but to employment in the federal government as well. <u>The Equal Employment Opportunity Act of 1972, 86 Stat.111, 42 U.S.C.§2000e-16</u>.

Title VII would allow payment of compensatory damages, reinstatement or hiring of employees with or without back pay: <u>Section 717(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e-16(b)</u>.


Date   <u>6-19-2007</u>                    /s/
                                           Allen Wilson, Esq.
                                           Attorney for Plaintiff
                                           1629 K Street, NW, Suite 300
                                           Washington, DC 20009
                                           202-508-3794
                                           D.C. Bar No. 479284

0UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER ) <br> Berliner Street, 28 ) <br> 14169 Berlin, Germany ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> Condeleza Rice, Secretary of State, ) <br> United States Department of State; ) <br>   ) <br> and ) <br>   ) <br> James Shaun Handy, Janitorial ) <br> Department Leader, United States ) <br> Department of State, Berlin, Germany; ) <br>   ) <br> and ) <br>   ) <br> Ambassador William Robert Timken, ) <br> United States Department of State ) <br> Berlin Germany; ) <br>   ) <br> and ) <br>   ) <br> James Onusko, Director of Personnel ) <br> Security, Suitability Bureau of the ) <br> Diplomatic Security, United States ) <br> Department of State, Washington, DC; ) <br>   ) <br> and ) <br>   ) <br> Lieutenant General Keith Alexander, ) <br> The National Security Agency. ) <br>   ) <br> Defendants ) | CIVIL ACTION <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED <br><br> Case No. 1-06CV00816 <br><br> Judge Rosemary M. Collyer <br><br> Deck Type: Employment Discrimination <br><br> Date Stamp: 05/02/2006 |

**JOINT RULE 16.3 REPORT AND PROPOSED SCHEDULING ORDER**

Counsel for Plaintiff called Defendant's counsel (H. Oliver) and left messages, but was unable to get in touch with her. Plaintiff will discuss the matters listed in LCvR 16.3(c), and submit the following recommendations to the court.

1. <u>Dispositive Motions</u>: Plaintiff anticipates that dispositive motions will be filed as to some or all of the issues/claims after discovery has been completed.

2. <u>Amended Pleadings</u>: Plaintiff has amended the complaint and will exclude counts three and four of the original complaint.

3. <u>Assignment to Magistrate</u>: Plaintiff may consent to assignment to a Magistrate Judge, including trial

4. <u>Settlement</u>: Plaintiff believes that assignment to a magistrate for mediation should not occur until after discovery

5. <u>Alternative Dispute Resolution</u>: Plaintiff believes that the ADR referrral to a magistrate should be done after discovery.

6. <u>Dispositive Motions</u>: The Plaintiff proposed that any dispositive motion be filed 40 days of the date of discovery.

7. <u>Initial Disclosures</u>: Plaintiff would require that Defendant provide Plaintiff with the report or video surveillance) that proved Plaintiff stole meat from the refrigerator after work.

8. <u>Discovery</u>:  Plaintiff requests 120 days within which to complete discovery, to limit the number of interrogatories to 30 per side, and depending on what is revealed in discovery, to limit the number of total witness dispositions to 4 per side.

9. <u>Experts</u>:  Plaintiff does not anticipate asking for a modification of F.R.Cir. p. 26(a)2.

10. <u>Class Action</u>:  Not applicable.

11. <u>Bifurcation</u>:  Plaintiff thinks that bifurcation is unnecessary.

12. <u>Pre-Trial Conference</u>:  Plaintiff requests that a trial date be set after the completion of discovery or resolution of dispositive motions.

13. <u>Trial</u>:  Plaintiff requests that trial date be set at the pre-trial conference.

                Respectfully submitted,

Date: 6-19-2007                                    /s/

Allen Wilson, Esq.
1629 K Street, NW, #300
Washington, DC 20006
202-508-3794  -  Fax 202-331-3759
DC Bar #479284
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID KELLER<br>Berliner Street, 28<br>14169 Berlin, Germany,<br><br>        Plaintiff,<br><br>    v.<br><br>Condeleza Rice, Secretary of State,<br>United States Department of State;<br><br>and<br><br>James Shaun Handy, Janitorial<br>Department Leader, United States<br>Department of State, Berlin, Germany;<br><br>Discrimination<br>and<br><br>Ambassador William Robert Timken,<br>United States Department of State<br>Berlin Germany;<br><br>and<br><br>James Onusko, Director of Personnel<br>Security, Suitability Bureau of the<br>Diplomatic Security, United States<br>Department of State, Washington, DC;<br><br>and<br><br>Lieutenant General Keith Alexander,<br>The National Security Agency,<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Case No. 1-06CV00816<br><br>Judge Rosemary M. Collyer<br><br>Deck Type: Employment<br><br>Date Stamp: 05/02/2006 |

## **ORDER**

Based upon the parties LCvR 16.3, it is this _____ day of _____ 2007

Ordered that:

1. Discovery shall be completed 120 days from the date of this order.

2. The parties shall be limited to _____ dispositions per party.

3. The parties shall be limited in written discovery as set forth in paragraph 8 of the Rule 16.3 Report.

4. Plaintiff shall designate expert witnesses and possible expert repots on or before _____.

5. Defendant shall designate expert witnesses and provide expert reports on or before _____.

6. A pre-trial conference in this case will be held on _____ at _____ am / pm.

                                                Judge, United States District Court

cc:

Allen Wilson, Esq.
1629 K Street, NW, #300
Washington, DC 20006
202-508-3794  -  Fax 202-331-3759
Attorney for Plaintiff

Heather D. Graham-Oliver
U.S. Attorney
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530
202-305-1334