IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID KELLER,           )<br>                         )<br>    Plaintiff,         )<br>                         )<br>        v.               )<br>                         )<br>CONDOLEEZZA RICE,        )<br>Secretary of State,      )<br>U.S. Department of State,)<br>et al.                   )<br>                         )<br>    Defendants.          )<br>                         ) | Case No. 1:06-0816 (RMC) |

**DEFENDANT'S REPORT AND BRIEF STATEMENT OF THE CASE**

This report sets forth the defendant's agreement or respective positions with respect to scheduling further matters in this action. The Plaintiff filed his separately. The Defendant has forwarded this report to the Plaintiff.

**BACKGROUND**

Plaintiff asserts claims under 42 U.S.C. §1983, the Fifth Amendment to the United States Constitution and Title VII, 42 U.S.C. § 2000e *et seq*., challenging the revocation of plaintiff's security status. Amended Complaint at p.2 -3, ¶¶ 4, 5, p. 6. ¶10. Plaintiff is also seeking declaratory and injunctive relief. Plaintiff has named Condoleezza Rice, Secretary of State, United States Department of State; James Shaun Handy, Janitorial Department Leader, United States Department of State, Berlin, Germany; Ambassador William Robert Timken, United States Department of State, Berlin Germany; James Onusko, Director of Personnel Security and Suitability, Bureau of Diplomatic Security, United States Department of State, Washington, DC;

and Lieutenant General Keith Alexander, The National Security Agency, as defendants. Plaintiff has only properly served the National Security Agency and the Department of State.[1] Despite numerous purported attempts at amending the complaint, it remains the same.

Defendant has filed a Motion to Dismiss twice on several grounds but each time the Plaintiff amended his complaint.

### COMPLIANCE WITH LOCAL RULE 16.3(c)

The text of the rule describing those matters appears in italics, followed by the Defendant's comments.

(1)   *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The Defendant will file a motion for Summary Judgment at the end of discovery.

(2)   *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties concur that no other parties shall be joined or that the pleadings be amended.

(3)   *Whether the case should be assigned to magistrate judge for all purposes, including trial.*

The parties will agree that this case should be assigned to a magistrate judge for discovery disputes and ADR purposes only. For all other purposes, the parties believe that this case should not be assigned to a magistrate judge.

(4)   *Whether there is a realistic possibility of settling the case.*

Because the defendant will file a motion for summary judgment, it does not believe that

---

[1] Plaintiff has failed to successfully effectuate personal service over any of the named defendants in their personal, non-official capacities.

there is a realistic probability of settlement prior to the decision on the motion.

(5)   *Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their client.*[2]

Defendant proposes that the case may be resolved by dispositive motion; therefore, in defendant's opinion ADR is not an option.

(6)   *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed dates for a decision on the motions.*

The Defendant will file its motion for summary judgment, thirty days after the end of discovery by November 19, 2007.

(7)   *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made and the scope, form or timing of those disclosures.*

The parties desire to dispense with initial disclosures.

(8)   *The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery (e.g. number of interrogatories, number of deposition, duration of depositions), whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

The Defendant proposes a discovery period that will come to a close on October 19, 2007. Defendant proposes that no more than 25 requests for proposals and/or requests for admissions be propounded by the parties.

(9)   *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P. should be modified and whether and when deposition of experts should occur.*

---

[2]Subsections (i) through (v) are not repeated herein.

Defendant proposes that its expert report becomes due 30 days after the Plaintiff's submission.  Defendant further proposes that Plaintiff's expert report, if any, be submitted by August 11, 2007.

(10) *In class actions, appropriate procedure for dealing with rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

The parties do not believe that this section is applicable.

(11) *Whether the trials and/or discovery should be bifurcated or managed in phases, and a specific proposal for bifurcation.*

The parties are not requesting bifurcation.

(12) *The date for the pretrial conference (understanding that a trial with take place 30 to 60 days thereafter).*

The parties would like the Court to set a Status Conference at the end of Discovery.  At that time, the Court may set a Pretrial Conference.

(13) *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

Defendant proposes that the trial date should be set at the pretrial conference.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334