UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 06-0816 (RMC) |
| | ) |
| EMBASSY OF THE UNITED STATES | ) |
| OF AMERICA at BERLIN, GERMANY, | ) |
| et. al. | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| | ) |

**DEFENDANTS' PARTIAL MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

    Defendants respectfully move this Court for partial dismissal of the above-captioned complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) and 56. Due to the nature of this motion, plaintiff's concurrence has not been sought. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

    Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                                        /s/
                                            _____
                                            HEATHER D. GRAHAM-OLIVER
                                            Assistant United States Attorney
                                            Judiciary Center Building
                                            555 4th St., N.W.
                                            Washington, D.C.  20530
                                            (202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0816 (RMC) |
| | ) |
| EMBASSY OF THE UNITED STATES | ) |
| OF AMERICA at BERLIN, GERMANY, | ) |
| et. al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

**I.   STATEMENT OF THE CASE**

Plaintiff asserts claims under 42 U.S.C. §§1983 and 1981, the Fifth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Protection Clause of the Fourteenth Amendment alleging *inter alia* that he was wrongfully discharged from employment with the United States Embassy in Berlin, Germany. Amended Complaint at p. 2, ¶ 5; p. 5, ¶ 24; and p. 6, ¶ 10.  Plaintiff has named Condoleezza Rice, Secretary of State, United States Department of State; James Shaun Handy, Janitorial Department Leader, United States Department of State, Berlin, Germany; Ambassador William Robert Timken, United States Department of State, Berlin Germany; James Onusko, Director of Personnel Security and Suitability, Bureau of Diplomatic Security, United States Department of State, Washington, DC; and Lieutenant General Keith Alexander, National Security Agency,[1] as

---

[1] Although Plaintiff has named the National Security Agency (NSA) as a party, the NSA neither employed the Plaintiff nor revoked his security clearance.  See Declaration of Joanne Moore.  As a result, the NSA is not a proper party.  Plaintiff was employed by the Department of

Defendants. Plaintiff has properly served the National Security Agency and the Department of State.[2] However, he has failed to serve any of the named individuals in an individual capacity. This pre-discovery motion for partial summary disposition pertains only to Plaintiff's 42 U.S.C § 1981 and 1983 claims as well as his Equal Protection and Title VII claims and does not address plaintiff's claim under the Fifth Amendment for reinstatement of his security clearance. See Amended Complaint ¶ 4.

## II.    STANDARD OF REVIEW

### A.    Requests for Dismissal

Requests for dismissal for lack of jurisdiction over the subject matter pursuant to Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6) require a particular standard of review. A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information. Id.

In considering a motion to dismiss under Rule 12(b)(6), the Court must view facts alleged in the complaint in the light most favorable to the plaintiff. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nix v. Hoke, 139 F.Supp.2d 125 (D.D.C. April 2001), citing, Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001); see also, Slaby v. Fairbridge, 3 F.Supp.2d 22, 27 (D.D.C. 1998).

---

State. His security clearance was likewise handled by the Department of State.

[2] Plaintiff has failed to successfully effectuate personal service over any of the named Defendants in their personal, non-official capacities.

A complaint should be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 46. Recently, the Supreme Court has expounded on this oft-quoted standard for dismissal contained in Conley, noting that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted) (emphasis added). Thus, in order for a complaint to survive dismissal, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. (citations omitted). This requires a plaintiff seeking to avoid dismissal to state "circumstances, occurrences and events" that support the legal claim presented rather than merely make a "bare averment" that he is entitled to relief. Id. at 1965 n.3. Dismissal is required if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Applying these standards leads to the conclusion that plaintiff's complaint should be dismissed in its entirety.

    B.    **Summary Judgment**

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). In determining whether a genuine issue of material fact exists, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most

favorable to the non-moving party.  Matsushita, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment.  The non-moving party must show that the dispute is genuine and material to the case.  That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party.  Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted."  Id. (citing Anderson, 477 U.S. at 249-50.  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'"  Celotex Corp., 477 U.S. at 323 (citations omitted).

    Mere conclusory allegations are not enough to survive a motion for summary judgment.  Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997).  Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment.  See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").  As the Supreme Court has instructed: "the plain language of Rule 56(c)) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

### III.   ARGUMENT

**A.  Sovereign Immunity Bars Any Claims For Damages Against the Department of State, the National Security Agency and the Individual Defendants in Their Official Capacities**.

To the extent that plaintiff seeks damages based upon a constitutional claim against the Department of State, the National Security Agency or the individual federal Defendants in their official capacities, his claims must be dismissed absent a waiver of sovereign immunity.  Meyer v. Reno,  911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno,  915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice,   881 F. Supp. 49, 55 (D.D.C. 1995).  It is well settled that a lawsuit against a federal employee in his official capacity – as is the case here – constitutes a lawsuit against the United States.  Kentucky v. Graham, 473 U.S. 159, 165 - 66 (1985).  The United States is immune from suit except as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  Sovereign immunity protects the United States and its agencies from suit absent express waiver.  See United States v. Nordic Village, 503 U.S. 30 (1992).[3]  To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.  See Lane v. Pena, 518 U.S. 187, 192 (1996).

Specifically, to the extent that plaintiff asserts constitutional claims for damages against Federal agencies and individual federal Defendants in their official capacities, such claims must be dismissed for lack of subject matter jurisdiction.  The United States has not waived its

---

[3]  Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government.  Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984).

sovereign immunity with respect to constitutional claims for money damages. The United States, as any government, is subject to suit only in cases in which it has expressly consented to be sued. See e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Sherwood, 312 U.S. 584, 586 (1941). Although the United States has waived its sovereign immunity in certain limited cases, constitutional tort claims are not included in the waiver and therefore are not actionable. See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994).

### B. Plaintiff May Not Assert A Claim Against Federal Defendants Pursuant To 42 U.S.C. § 1983.

The plaintiff's amended complaint alleges a violation of 42 U.S.C. § 1983 (Section 1983). Amended Complaint p. 2. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects . . . . , any citizen of the United States . . . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action in law . . . .

42 U.S.C. § 1983. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id., at 49 (internal quotation marks and citation omitted). See also Williams v. U.S.A., 396 F.3d 412, 414 (D.C. Cir 2005). In cases brought under section 1983,

6

circuit courts looking at whether defendants have acted under color of state law have focused on whether these defendants are state officials or have conspired with state officials in committing the alleged illegal acts.  Id.

Clearly, in the instant case none of the named Defendants were acting "under color of state law."  All of the named Defendants are federal officers, presumably acting under the authority of federal law.  Section 1983 does not apply to federal officers acting under color of federal law.  See Abramson v. Bennett, 707 F. Supp. 13, 16 (D.D.C. 1989), aff'd 889 F. 2d 291 (D.C. Cir. 1989) (holding "[s]ection 1983 only applies to state officials acting under color of state law" not federal officials acting under color of federal law); Heck v. Humphrey, 512 U.S. 477 (1994) (stating that section 1983 provides access to a federal forum for claims of unconstitutional treatment at the hands of state officials); and Williams, supra. (private policeman employed by the U.S. Printing office did not act under color of District of Columbia law when making an arrest for disorderly conduct).  Accordingly, plaintiff's claims under Section 1983 must be dismissed for failure to state a claim upon which relief may be granted.

**C.  Plaintiff's Equal Protection and 42 U.S.C. § 1981 Claims Fail Because Title VII Is His Exclusive Remedy for Allegations of Employment Discrimination.**

It is well settled that Title VII is "an exclusive, preemptive, administrative [and judicial] scheme for the redress of federal employment discrimination" on the basis of race, religion, sex and national origin.  Brown v. General Serv. Admin., 425 U.S. 820, 821 (1976).  It is evident that plaintiff is seeking reinstatement for disparate treatment occurring while he was employed by the Department of State on the basis of the Plaintiff's race.  See Amended Compl. ¶ 1 - 10.  Plaintiff seeks judicial review of these alleged unlawful practices pursuant to the Fourteenth Amendment

7

of the Constitution, and 42 U.S.C. § 1981. Id., at ¶ 10. However, these constitutional and statutory claims must be dismissed because the exclusive remedy for plaintiff's claims lies with Title VII of the Civil Rights Act of 1964. See, Brown, 425 U.S. at 835 (dismissing [42 U.S.C.] § 1981 claim and holding that "Section 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment")[4].

Under the Brown reasoning, courts, ". . . . reject litigants' efforts to initiate discrimination claims against the federal government under the Constitution or statutes other than Title VII." Brug v. National Coalition for the Homeless, 45 F. Supp. 2d 33, 42 (D.D.C. 1999) (dismissing § 1983, Fifth Amendment and Fourteenth Amendment claims); see also Kizas v. Webster, 707 F.2d 524, 542 (D.C. Cir 1983), cert. denied, 464 U.S. 1042 (1984) (Title VII "precludes actions [alleging employment discrimination] against federal officials for alleged constitutional violations as well as actions under other federal legislation."); See also Ward v. Kennard, 133 F.Supp.2d 54, 57 (D.D.C. 2000), recons. den. 200 F.R.D. 137 (D.D.C. 2001); Lutes v. Golden, 62 F.Supp.2d 118, 134 (D.D.C. 1999); Graves v. U.S., 967 F.Supp. 572, 574 (D.D.C. 1997); Thorne v. Cavazos, 744 F. Supp 348, 351-52 (D.D.C. 1990); and Richards v. Merit Systems Protection Board, 739 F.Supp. 657, 659 (D.D.C. 1990)(Court rejected Plaintiff's constitutional claim since it raised the same discriminatory conduct as that under Plaintiff's Title VII claim, the latter statutory scheme serving as Plaintiff's exclusive remedy.)

Moreover, the Supreme Court has consistently held that a precisely drawn, detailed statute like Title VII has been held to pre-empt more general remedies. See Preiser v.

---

[4] Section 717 of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 16, proscribes federal employment discrimination and establishes an administrative and judicial enforcement system.

Rodriguez, 411 U.S. 475, 488 - 90 (1973) ( challenges to the fact or duration of imprisonment appropriately lie only under *habeas corpus*, the more specific act); and Brown 425 U.S. at 829, 834 (The unambiguous congressional intent and structure of the statute itself, created an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination.)

Plaintiff, in this matter, seeks relief under Section 1981 and the Equal Protection Clause of the Fourteenth Amendment for Defendant's alleged unlawful, discriminatory employment practices. However, it is clear that plaintiff's remedy lies not with any of these jurisdictional bases, but once again, with Title VII. Accordingly, Plaintiff's Fourteenth Amendment and Section 1981 claims should be dismissed.

### D.  Defendants Were Not Properly  Served In Their Individual Capacity

It is well-established that, in an action against a federal employee in his or her individual capacity, the individually sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) requires that a copy of a summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Service on the U.S. Attorney in the district where the action was brought pursuant to Fed. R. Civ. P. 4(i) "does not obviate the requirement of personal service under Fed. R. Civ. P. 4(d)(1) where the action is in substance against a federal official in his individual capacity." See Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978).

Similarly, service at a place of business does not satisfy the service rule. See Fed. R. Civ. P. 4(e). Here, Defendants were not personally served pursuant to Fed. R. Civ. P. 4(e). Service

was at Defendants' place of employment.  See Declaration of Christopher R. Riche, Exhibit A. Constructive notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named Defendant.  Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980).  The service of process thus being defective as to the Defendants in their individual capacities, this action cannot proceed against them personally.  Micklaus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980); Griffith v. Nixon, 518 F.2d 1195, 1196 (2d Cir. 1985), cert. denied, 423 U.S. 995 (1975).  Until proper service is obtained there is no claim against the individual Defendants in their personal capacities.

### E. Plaintiff Has Failed to Exhaust Administrative Remedies Under Title VII.

A federal employee such as plaintiff may assert a Title VII complaint in federal court only after a timely complaint has been presented to the agency involved.  See 29 C.F.R. § 1614.105(a); Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Maryland v. Sodexho, Inc., 474 Supp. 2d 160 (D.D.C. 2007).  The purpose of the exhaustion requirement in Title VII cases is to provide the agency with notice of the claim of alleged discrimination and an opportunity to rectify any wrong through the conciliation process or through administrative relief.  Brown v. Marsh, 777 F.2d 8, 14 (D.C. Cir. 1985); see also Brown v. Gen. Servs. Admin., 425 U.S. at 833-35.

Because conciliation and intra-agency resolution, rather than litigation, are the objectives of Title VII, the courts have found exhaustion of statutory administrative remedies a prerequisite to judicial relief.  Siegel v. Kreps, 654 F.2d 773, 776-77 (D.C. Cir. 1981).  A plaintiff will run afoul of this requirement if he or she fails to bring a complaint to the attention of an EEO

counselor within the time limits prescribed by 29 C.F.R. § 1613.105(a)(1), i.e., within 45 days of the alleged discriminatory action. Bowden, 106 F.3d at 437-38; Brown v. Marsh, 777 F.2d at 14; see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII action"). As the U.S. Supreme Court recently reiterated in Morgan, supra, "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

In this matter, plaintiff seeks to present matters in this federal court proceeding that were never before the agency at the administrative level. Specifically, there is no record of plaintiff's having made EEO contact with the agency concerning any aspect of this claim. See Declaration of Jacqueline A. Canton, Exhibit B. As exhaustion of administrative remedies is mandatory, any claim brought under Title VII should be dismissed. See Bayer v. United States Dep't of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Kizas v. Webster, 707 F.2d 524, 543 (D.C. Cir. 1983); and Rann v. Chao, 346 F.3d 192, 194-95 (D.C. Cir. 2003).

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff's 42 U.S.C § 1981 and 1983 claims as well as his Equal Protection and Title VII claims should be dismissed with prejudice. Only Plaintiff's Fifth Amendment Due process claim for the reinstatement of his security clearance

should remain.  See Amended Complaint ¶ 4.

                          Respectfully submitted,

                          /s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                          /s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                          /s/

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334