## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID KELLER )<br>Berliner Street, 28 )<br>14169 Berlin, Germany )<br> )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>Condelezza Rice, Secretary of State, )<br>United States Department of State; )<br> )<br>and )<br> )<br>James Shaun Handy, Janitorial )<br>Department Leader, United States )<br>Department of State, Berlin, Germany; )<br> )<br>and )<br> )<br>Ambassador William Robert Timken, )<br>United States Department of State )<br>Berlin Germany; )<br> )<br>and )<br> )<br>James Onusko, Director of Personnel )<br>Security, Suitability Bureau of the )<br>Diplomatic Security, United States )<br>Department of State, Washington, DC; )<br> )<br>and )<br> )<br>Lieutenant General Keith Alexander, )<br>The National Security Agency; )<br> )<br>    Defendants. )| CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Case No. 1:06CV00816<br><br>Judge: Rosemary M. Collyer<br><br>Deck Type: Employment Discrimination<br><br>Date Stamp: 05/02/2006 |

## PLAINTIFF'S MOTION TO DENY DEFENDANT'S PARTIAL MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

1.     Plaintiff is an African American male who is retired from the United States Army. Plaintiff was employed by the United States Department of State from approximately July 17, 2000 through March 8, 2004, at the Defendant United States Embassy in Berlin, Germany. Plaintiff was employed as a janitor.

2.     Plaintiff's job description and duties did not change during the course of his employment.

However, according to State Department Document Number: 2004STATE122732, "On October  5, 2003, Mr. Keller assumed his new job as a doorman at the Embassy. Prior to beginning his new assignment, Mr. Keller was informed that he must serve a six-month probationary period after which an interim performance report would be issued.. Mr. Keller was also informed that to continue in the doorman position, he must receive an overall assessment of 'fully successful' or better on the interim performance rating on February 24, 2004." (The type of this language on Form JF-62A appears to have been inserted after Plaintiff signed the document.)

On approximately October 19, 2003, the Department of State made a so-called Personnel Service Agreement with Plaintiff that changed Plaintiff from being paid in United States dollars to European dollars. Plaintiff signed the agreement that identified his position as janitor and continued his duties as janitor. Plaintiff was only classified as a doorman on State Department Document Number: 2004STATE122732 that was in his personnel file, but he was never a doorman. Plaintiff was in the Army and only Marines, not Army personnel, can serve as doorman. Therefore, the language regarding a six-month probationary period, if it was on State Department Document Number: 2004STATE122732 at the time Plaintiff signed it, is inconsistent with Plaintiffs actual "duties as a janitor".

Plaintiff requested in writing a due process hearing from the United States Embassy Human Resources Officer William S. Heller, who also served as the United States Ambassador's representative. No response was obtained.

This is the pretext that the State Department used to put Plaintiff on probation (as a doorman). This allowed Plaintiff to be terminated without notice or any opportunity to be heard.

3.    Plaintiff appealed his termination to the German Labor Court, which dismissed the case finding that it lacked the authority to reinstate Plaintiff to his position because his security clearance and classified status had been rescinded.

4.    On January 19, 2006, James Onusko of the State Department advised Plaintiff that he had no resulting right to appeal. This revocation of Plaintiff's security clearance without offering him an opportunity to be heard constituted a 5th amendment violation.

5.    Defendant James Shawn Hardy, Janitorial Team Leader, used his position as plaintiff's foreman on numerous occasions to harass and intimidate plaintiff on the basis of plaintiff's race including the fact that the plaintiff is married to a German Caucasian woman.

6.    Plaintiff entered into a Personal Service Agreement regarding his employment. The Agreement provides that German law shall apply. Therefore Plaintiff sued the U.S. Embassy in the German courts for the right to have a hearing because he had worked for the Embassy as a janitor for over three years.

**I.    <u>Standard of Review</u>**

<u>The Request for Dismissal should be dismissed under Federal Rules of Civil Procedure 12(b)1 and Rule 112(b)6,</u>

Rule 12(b)6 states that a complaint should be dismissed if it appears beyond doubt that the plaintiff can present no set of facts in support of his claim which would enable him to relief, Here defendant relies on Conley v. Groham, 355 US.41, 45, 46 (1975) and 12(b)61, and 6.

Conley states that, "In appraising the sufficiency of the complaint we follow of course the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would enable him to relief."

Here, Plaintiff's complaint alleged that the U.S. Department of State terminated Plaintiff unlawfully, without notice and an opportunity to be heard. Plaintiff states that his clearance (security) was revoked unlawfully; and that he was discriminated against because of his race.

12(b)6.  This is a complaint that was filed against the U.S. Department of State. The Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he basis his claim. To the contrary, all the rules require is a short and plain statement of the claim that will give the Defendant fair notice of what the Plaintiff's claim is, and the grounds upon which it rests. Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the rules to disclose more precisely the basis of both claim and defense, and define more narrowly the dispute facts and issues.

Here, Plaintiff worked for the Embassy for over three and one-half years as a janitor. His probationary period was over after six months and this probationary period was

completed satisfactorily. Plaintiff has due process rights for a hearing before termination of his employment. This wrongful termination could result in several causes of action.

Here, Plaintiff was accused of stealing meat out of the refrigerator that he shared with Shaun Handy. His accusers never identified him directly. They claimed they saw a black man in a Marine Corp uniform, however, no one saw his face. There is no camera/video recording of Plaintiff stealing meat. These are dubious charges and as a result of these charges, Plaintiff's top secret clearance was terminated.

It is clear that Plaintiff can show that he was a permanent employee (janitor) for over three and one-half years. Therefore, Plaintiff's complaint should not be dismissed under Fed. R. C. P. 12(b)(1) and 12(b)(6).

II.    **<u>Sovereign Immunity will permit Plaintiff to recover/ non monetary relief as</u> <u>requested in the complaint</u>**.

Dronenburg v. Zub, 741 F2d 1388, 1389-91 of 1976 amendments to 702 Administrative Procedure Act, 5 U.S.C- 702 – eliminated the sovereign immunity defense in virtually all actions for non-monetary relief against a U.S. agency or office acting in an official capacity.

The Plaintiff requested in his complaint;

(1) Injunctive relief requiring the Defendant to reinstate Plaintiff's security clearance and janitor position.

(2) Injunctive relief requiring the Defendant to provide Plaintiff a due process hearing regarding the revocation of his security clearance.

There are no sovereign immunity bar to these non-monetary recovery.

**In Larson v. Domestic and Foreign Corporation 337 U.S. 682, 689-91**. Larson stated that "sovereign immunity does not bar suits against government officials where the challenged actions of the officials are unconstitutional or beyond the official statutory authority (ultra vires)."

Here, Plaintiff can recover because he is requesting specific non-monetary relief, Clark and Larson, 337 U.S. 689.

Here, the State Department terminated Plaintiff without notice or a hearing. Plaintiff was a janitor long after his probationary period ended.

In addition, it was an ultra vires act to vacate Plaintiff's security clearance after more than twenty years (Army retired) without a hearing.

**III.    Plaintiff can assert a claim against a Federal Defendant pursuant to 42 USC § 1983.**

Here, Plaintiff is suing the State Department.  42 USC § 1983 only fashions a remedy and it is not a jurisdictional statute. A person asserting a claim there under must look to the other authority to obtain jurisdiction in Federal courts. Here 28 U.C.A. § 1343(a)(3) confers jurisdiction of 42 US CA § 1983 actions on Federal courts.

The acts of the State Department were federal acts and a part of 42 USC § 1983 and they are covered with in 42 USC § 1983. Here, Plaintiff can sue under 42 USC § 1983 because defendants violated a constitutional right. That constitutional right was the 5th Amendment—due process and Racial Discrimination.

**IV.    The officials at the State Department acted under color of title and violated Plaintiff's right to due process.**

Plaintiff can sue under this statute because the statute covers the District of Columbia. 42 U.S.C. § 1983, Civil action for deprivation of rights states that, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Here, the State Department is located in the District of Columbia and the Embassy is a part of the State Department. Therefore, this statute covers officials at the Embassy in Berlin, Germany.

We can distinguish West v. Atkins 487 U.S. 42, 48 from the facts in Plaintiff's case.

In West, a private physician under contract with North Carolina to provide services at a state prison hospital on a part-time basis, treated petitioner for a leg injury sustained when petitioner was incarcerated in state prison. Here, the doctor was acting under color of state law.

In our case, the official that terminated Plaintiff was acting under Federal law. In Abramson v. Bennett 707 F. Supp 13, 16 (D.D.C., 1989), the named plaintiff in this suit has a child who is an eighth grade student in Crestwood Junior High School in the Commonwealth of Virginia. Mr. Abramson contends that the education his child is receiving at this school is inferior to that received by children in other schools in the Commonwealth of Virginia. Mr. Abramson attributes the alleged inferior quality of his

child's education to other school district, lines resulting in larger black student population and an appointed board rather than elected school board.

Here, we have a state official acting under the color of state law.

Here, Plaintiff asserts his claim under acts committed by the federal officials at the State Department. These acts are federal acts and claims can be asserted against State Department officials.

**V.      Defendants were properly served**

Rule 4(e)(2) – Service upon individuals within a judicial District of the United States, 4(e)(2) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of parties.

Here, Plaintiff served the State Department's Agent. Plaintiff requested the designated State Department Agent and was provided with Chris Richey, at the United States Department of State, 2201 C Street, NW, Washington, DC 20520.

"Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States whether or not the officer or employee is sued also in an official capacity is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed the Rule 4(e),(f) or (g).

There was no request to waive service by Plaintiff, but 4(i) allows an exception. We served defendants in the manner prescribed in Rule 4(i)(1) by serving the agent authorized to receive service, Chris Richey, at the United States Department of State. Plaintiff followed 4(i)(1). This qualified for individual service of process on government officials.

(a) It is pursuant to the service of process laws of the District of Columbia, and (b) we delivered a copy of the summons and the complaint to the authorized agent.

However, if this service of process was not done correctly, Plaintiff requests a reasonable amount of time to serve the employees individually from the court.

The services were on defendants in their individual and official capacity.

**VI.    Plaintiff exhausted all administrative remedies.**

Plaintiff requested in writing a due process hearing from the United States Embassy Human Resources Office. William S. Holden was served as the United States Ambassador's representative. No response was obtained.

Then, Plaintiff filed a lawsuit in the German Labor Court. This case was dismissed because Plaintiff's security clearance was revoked and the German court stated that they did not have jurisdiction.

**VII.    The Motion to Dismiss the Racial Discrimination Cause of Action should be Denied.**

In American Pipe and Construction Company vs. Utah, 414 US 538 'tolling of a period of limitation awards no underserved  benefit, it simply opens the door to a petitioner upon whom the door should not be shut. It is a rare event for most petitions are timely and courts are not sympathetic to delay, but courts are not precluded from evaluating the reason for the delay or from providing equitable relief when justice demands.'

The Plaintiff lives and works in Berlin, Germany. He was fired after working for the State Department for over three and one-half years. He used the German Labor Courts which was the proper action to take in Germany. German lawyers were used and they attacked the wrongful termination issue. It was only when Plaintiff filed his lawsuit in

America and explained his factual situation to his American lawyer, the racial discrimination cause of action was added.

Here the court should toll the time period for Plaintiff to file his racial discrimination cause of action. "The mere fact that a Federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrain the power of the Federal courts to hold that the statute of limitations is toll under certain circumstances not inconsistent with the legislative purpose." American Pipe and Construction Company vs. Utah 414 US 538.

Here, given Plaintiff's circumstances, the court should allow the racial discrimination cause of action to proceed.

## VIII.    <u>The Summary Judgment Request by Defendant should be Denied.</u>

Under F.R.C.D. 430(e), "If you bring a motion for summary judgment before discovery is complete, the court may deny, postpone the motion to afford the opposition an opportunity to show germane causes of material fact for trial 13 Footen v, Board of Governors, 48 ILL. 2nd 580 (1971)).

The Plaintiff filed a complaint against the Defendant. There are material issues of fact presented by the Plaintiff. Plaintiff is alleging that he was a permanent employee, but he was terminated without notice or a hearing.

Here, Plaintiff's complaint set a claim(s) and gave the Defendant fair notice of the basis of his complaint. In Maty v. Gassellill Chemical Co., 303 US. 197, "The Federal Rules reject the approach that pleading is a game of skill in which one mishap by counsel may be decisive to the extreme, and accept the principle that the purpose of the pleading is to facilitate a proper decision on the merits."

The court should deny summary judgment.

Date:  8-20-2007                                   /s/

Allen Wilson, Esq.
1629 K Street, NW
Suite 300
Washington, DC 20006
202-508-3794 – 202-331-3759 (fax)
DC Bar #479284