UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0816 (RMC) |
| EMBASSY OF THE UNITED STATES OF AMERICA at BERLIN, GERMANY, et. al. | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now come defendants, by and through counsel, and respectfully submit this reply in further support of their Motion for Partial Summary Judgment ("Defs' Motion") and in response to plaintiffs' opposition to defendants' motion ("Opposition"). It is worth noting at the outset, that Defs' Motion only pertains to plaintiff's 42 U.S.C. § 1981 and 1983 claims, as well as his Equal Protection and Title VII claims and does not address any claim the Plaintiff may have still under the Due Process Clause of the Fifth Amendment for reinstatement of his security clearance.

**I.  Section 1983 Does Not Apply.**

In the instant case, section 1983 does not apply because the defendants are all federal employees, acting under federal law. Plaintiff does not disagree with this proposition. See Opposition, p. 7- 8. It is clear that section 1983 only applies to state actors or to persons acting under the direct supervision of state or local employees. Neither situation is the case in the instant matter. Therefore, the section 1983 claim should be dismissed. See West v. Atkins, 487

U.S. 42, 48 (1988); and Williams v. U.S.A., 396 F.3d 412, 414 (D.C. Cir 2005).

## II.  An Exhaustion of Administrative Remedies Is Mandatory Under Title VII.

There is no record of plaintiff ever having filed an EEO complaint with the Department of State prior to filing his complaint alleging a violation of Title VII in the District Court.  See Declaration of Jacqueline A. Canton, Exhibit B.  In fact, plaintiff does not dispute the fact that he did not file an EEO complaint.  Plaintiff's response is simply that (1) after he was fired, he requested a due process hearing from the United States Embassy Human Resources Office and no response was obtained; and (2) he took the proper action to attack the wrongful termination issue, by filing an action with the German labor Courts.  See Opposition, p. 9 - 10.  None of these reasons overcome the necessity of filing an administrative complaint regarding discrimination pursuant to the constraints of Title VII.  While the German labor Courts may possibly have been able to address issues surrounding a claim of wrongful termination; these proceedings are not a substitute for exhausting administrative remedies under Title VII.  Moreover, a due process hearing with the embassy would not have been the appropriate forum for his discrimination claim.

Moreover, plaintiff has in effect conceded that he failed to comply with the procedural constraints of Title VII by stating that "it was only when plaintiff filed his lawsuit in America and explained his factual situation to his American lawyer, [that] the racial discrimination cause of action was added."  See Opposition, p. 10.  This would not excuse the timely filing of an EEO complaint with the Department of State.  As such, plaintiff's Title VII claim should be dismissed.

## III.  Plaintiff Has Failed To Serve Any Defendant In An Individual Capacity

Plaintiff has failed to establish that he has served any defendant in the instant matter in an individual capacity. Fed. R. Civ. P. 4(i)(3) states in pertinent part:

> Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, . . ., a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3).

Fed. R. Civ. P. 4(e) requires doing any of the following:

> (1) following state law for serving a summons[1]; or
>
> (2) delivering a copy of the summons and of the complaint to the individual personally;
>
> (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff argues that proper service was made because he "delivered a copy of the summons and the complaint to the authorized agent." Opposition, p. 9. This is clearly not the case as the State Department through Mr. Richey has provided a declaration stating that service was only accepted in an official capacity. See Exhibit A to Defs' Motion. See Leichtman v. Koons, 527 A.2d 745, 747 and n. 5 (D.C. 1987) (office employee with authority to receive business mail does not by virtue of his or her position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service.)

## CONCLUSION

---

[1] D.C. Superior Ct. Code of Civil Procedure Rule 4(i)(2)(B) is the same as Fed. R. Civ. P. 4(i)(e) and does not, under the circumstances, prescribe service by mail.

For the reasons stated above, the Defendants' Partial Motion to Dismiss or for Summary Judgment should be granted.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334