UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID KELLER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-816 (RMC) |
| EMBASSY OF THE UNITED STATES OF AMERICA, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

After a career with the United States Army, David Keller was employed by the United States Department of State as a janitor at the American Embassy in Berlin, Germany. He worked from July 17, 2000 until March 8, 2004, when he was terminated. In this venue, he asserts claims under 42 U.S.C. §§ 1983 and 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; and the Fifth Amendment to the Constitution. The United States moves to dismiss, or for summary judgment, on all but the Fifth Amendment claim(s), and to dismiss all named individual Defendants[1] in their individual, non-official capacity for lack of service. Having considered all the papers and

---

[1] Mr. Keller has named as Defendants Condoleezza Rice, Secretary of State; James Shaun Handy, Janitorial Department Leader, Department of State, Berlin, Germany; Ambassador William Robert Timken, Department of State, Berlin, Germany; James Onusko, Director of Personnel Security and Suitability, Bureau of Diplomatic Security, Department of State, Washington, D.C.; and Lieutenant General Keith Alexander, National Security Agency ("NSA"). He also named the NSA as a Defendant but the NSA neither employed Mr. Keller nor revoked his security clearance. *See* Declaration of Joanne Moore ¶¶ 4-7, Defendant's Memorandum in Support [Dkt. # 24] ("Def.'s Mem."). As a result, neither the NSA nor General Alexander is a proper party, and both will be dismissed.

the applicable law, the Court will grant the motion to dismiss all but the Fifth Amendment claim(s).

## I. BACKGROUND

Mr. Keller is an African American male who retired from the U.S. Army and became a janitor at the U.S. Embassy in Berlin in July 2000. Amended Complaint ("Am. Compl.") at 3, 6. At all times leading up to his termination on March 8, 2004, he worked as a janitor in the Embassy. *Id*. at 3. Mr. Keller contends that State Department Document Number 2004STATE122732 falsely states:

> On October 5, 2003, Mr. Keller assumed his new job as a doorman at the Embassy. Prior to beginning his new assignment, Mr. Keller was informed that he must serve a six-month probationary period after which an interim performance report would be issued. Mr. Keller was also informed that to continue in the doorman position, he must receive an overall assessment of "fully successful" or better on the interim performance rating on February 24, 2004.

Plaintiff's Motion to Deny Defendant's [sic] Partial Motion to Dismiss or in the Alternative for Summary Judgment ("Pl.'s Opp.") at 2. Mr. Keller asserts that he never worked as anything but a janitor. *Id*. He also contends that the Department of State entered into a Personnel Service Agreement with him on October 19, 2003. *Id*. According to Mr. Keller, that Agreement provided that the terms would be governed by German law. *Id*. at 3.

Mr. Keller was terminated effective March 8, 2004, allegedly because he stole from another employee. Am. Compl. at 4-5. Mr. Keller denies any wrongdoing. *Id*. Prior to termination, Mr. Keller was not given notice or any opportunity to be heard, purportedly because his personnel file inaccurately indicated that he was a probationary employee. *Id*. He appealed his termination to the German Labor Court, which dismissed the case, finding that it lacked the authority to reinstate Mr. Keller because his security clearance and classified status had been rescinded. *Id*. at 5.

On January 19, 2006, James Onusko of The Department of State advised Mr. Keller that he had no right to appeal the revocation of his security clearance. *Id*. This revocation of his security clearance without an opportunity to be heard is the basis for the alleged violation of the Fifth Amendment. This claim is *not* part of the instant Motion to Dismiss.

Mr. Keller is married to a Caucasian German native. *Id*. at 6. He asserts that James Shawn Hardy, Janitorial Team Leader, harassed and intimidated him on numerous occasions on the basis of his race and his Caucasian German wife. *Id*.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor, *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), and the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965. But the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In deciding a 12(b)(6) motion, the court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). However, the court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983

Mr. Keller alleges a violation of 42 U.S.C. § 1983. That provision of law, passed after the Civil War, provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects . . . any citizen of the United States . . . to the deprivation of any rights,

>privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action in law . . . .

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting *under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). The alleged wrongdoer must "have exercised power possessed by virtue of state law and made possible only . . . [through] the authority of state law." *Id*. at 49 (internal quotation marks and citation omitted); *see also Williams v. United States*, 396 F.3d 412, 414 (D.C. Cir. 2005) (confirming summary judgment denial of § 1983 claim in suit regarding allegedly illegal arrest by federal law enforcement officer; only the federal government gave officer power to make arrests and therefore officer was not acting under color of District of Columbia law).

All of the Defendants in this case are federal employees or officers. None of them acted, to the extent they acted at all, under color of state law. It is not relevant, as Mr. Keller argues, that officials of the Department of State work in Washington, D.C, *see* Am. Compl. at 2, since none of them exercises authority under the laws of the District of Columbia. They are federal employees and hold authority only pursuant to federal law.

There being no possible way for Mr. Keller to advance a § 1983 claim against federal officers and employees, this claim must be dismissed.

   B.   **Equal Protection and 42 U.S.C. § 1981 Claims**

Mr. Keller alleges that he was denied Equal Protection under the Fourteenth Amendment and that he was discriminated against in violation of 42 U.S.C. § 1981 because he is African American. Am. Compl. at 6. He is seeking reinstatement for disparate treatment that

allegedly occurred while he was an employee of The Department of State at the Embassy in Berlin. As a federal employee, however, Title VII offered Mr. Keller the "exclusive, pre-emptive, administrative scheme for the redress of federal employment discrimination." *Brown v. General Serv. Admin.*, 425 U.S. 820, 821 (1976). Title VII "precludes actions [alleging employment discrimination] against federal officials for alleged constitutional violation as well as actions under other federal legislation." *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984).

Accordingly, Mr. Keller's Fourteenth Amendment and § 1981 claims must be dismissed. As a federal employee, he may complain of race discrimination only pursuant to the administrative and judicial processes of Title VII. *See Brown*, 425 U.S. at 821.

    **C.**    **Service on Individual Defendants**

Federal employees sued in their individual capacities must be served in accordance with the rules ordinarily applicable to non-federal individual defendants. *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 368-69 (D.C. Cir. 1997). Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon "individuals within a judicial district of the United States." A plaintiff must serve a copy of the summons and complaint on the defendant (or his appointed agent) personally or leave the complaint and summons "at his dwelling house or usual place of abode with some person of suitable age and discretion" who lives there. Fed. R. Civ. P. 4(e). Service on the U.S. Attorney in the district where the action was brought pursuant to Fed. R. Civ. P. 4(i) "does not obviate the requirements of *personal service* under Fed. R. Civ. P. 4(d)(1) where the action is in substance against a federal official in his individual capacity." *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978) (emphasis added).

Service at a place of business does not satisfy the requirements for personal service. *See Leichtman v. Koons*, 527 A.2d 745, 747 & n.5 (D.C. Cir. 1987) (office employee with authority to receive business mail does not by virtue of his or her position have authority to receive process). Admittedly, Mr. Keller served the individual Defendants at their place of employment, *i.e.*, the Department of State. The Executive Director in the Executive Office of the Office of the Legal Advisor at The Department of State accepted service. *See* Declaration of Christopher R. Riche ("Riche Decl.") ¶ 5, Def.'s Mem., Exh. A; Pl.'s Opp. at 8-9 ("We served defendants . . . by serving the agent authorized to receive service, Chris Richey [sic], at the United States Department of State."). However, Mr. Riche was authorized to receive, and by his stamp did receive, service against the individual Defendants *only* in their *official capacities*. Riche Decl. ¶ 5. The summons was issued on October 31, 2006; Mr. Riche accepted service in "official capacity only" on November 6, 2006, and no proper service on the individual Defendants has been effectuated since then.

Mr. Keller asks for more time to serve the individual Defendants. Pl.'s Opp. at 9. He is represented by counsel and has failed to comply with Rule 4 of the Federal Rules of Civil Procedure. The allegations against the individual Defendants will be dismissed.

D.   **Exhaustion of Remedies Under Title VII**

After Mr. Keller was terminated from his employment position, he attempted, unsuccessfully, to receive a due process hearing from the United States Embassy Human Resources. Am. Compl. at 18. Mr. Keller then sued in the German Labor Court, which dismissed his case, finding that it lacked the authority to reinstate Plaintiff to his employment position. *Id*. at 19. At some point thereafter, Mr. Keller contacted a lawyer in the United States, who advised that he might have a viable claim under Title VII. Pl.'s Opp. at 9-10. He includes a claim under Title VII in his

Amended Complaint. Am. Compl. at 6. However, as Mr. Keller admits, he did not file a timely administrative complaint charging race discrimination, leaving this Court without jurisdiction to hear his Title VII claim now. Pl.'s Opp. at 9-10.

A federal employee may assert a Title VII complaint in federal court only after a timely complaint has been presented to the agency involved. *See* 29 C.F.R. § 1614.105(a) (a plaintiff must bring an EEO complaint within 45 days of the alleged discriminatory action); *Brown v. Gen. Serv. Admin.*, 425 U.S. at 832; *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). The purpose of the exhaustion requirement is to provide the agency with notice of the claim and an opportunity to rectify the wrong through conciliation or other administrative relief. *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985); *see also Brown v. Gen. Serv. Admin.*, 425 U.S. at 833-35. Exhaustion of these statutory administrative remedies is a prerequisite to judicial relief. *Siegel v. Kreps*, 654 F.2d 773, 776-77 (D.C. Cir. 1981). "[A] party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court." *Battle v. Rubin*, 121 F. Supp. 2d 4, 7 (D.D.C. 2000).

Mr. Keller never filed a Title VII administrative complaint, much less a timely one. He contends that he asked for a due process hearing and never received a response. Am. Compl. at 4-5. Such a request does not equate to filing a Title VII complaint. In fact, Mr. Keller acknowledges that he did not consider a race-related complaint until he contacted counsel in the United States. Pl.'s Opp. at 9-10. Exhaustion of administrative remedies is mandatory and he makes out no basis for the Court to toll his time limits. *Rann v. Chao*, 346 F.2d 192, 194-95 (D.C. Cir. 2003); *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992); *Kizer v. Webster*, 707 F.2d 524, 543 (D.C. Cir. 1983).

Because Mr. Keller admittedly never filed an administrative complaint, as required by Title VII, he cannot proceed in this Court on his Title VII claim. The Title VII claim must be dismissed.

### E. Sovereign Immunity

The United States also seeks to dismiss any claim for monetary damages based on constitutional claims against the Department of State, National Security Agency, or the individual federal Defendants in their official capacities because there has been no waiver of sovereign immunity. A lawsuit against a federal employee in his official capacity constitutes a lawsuit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Sovereign immunity protects the United States and its agencies from suit absent an express waiver. *See United States v. Nordic Village*, 503 U.S. 30 (1992). To sustain a claim for money damages, the waiver of sovereign immunity must be unambiguous. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Although the United States has waived its sovereign immunity in certain limited cases, it has not waived immunity for constitutional tort claims and therefore such claims are not actionable against the federal government. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

Mr. Keller does not dispute any of the above legal principles. Rather, he asserts that he sues for injunctive relief. *See* Pl.'s Opp. at 5 (Plaintiff requests "[i]njunctive relief requiring the Defendant to reinstate Plaintiff's security clearance and janitor position," as well as "a due process hearing regarding the revocation of his security clearance."). For clarity of the record, the motion to dismiss any monetary damages claims against the Department of State, NSA, or the individual federal Defendants in their official capacities will be granted. Mr. Keller's claims for injunctive relief will remain.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's § 1981 and 1983 claims as well as his Equal Protection and Title VII claims will be dismissed with prejudice.  Only Plaintiff's Fifth Amendment claim(s) and request for injunctive relief will remain.  A memorializing order accompanies this Memorandum Opinion.


Date:  November 28, 2007                                          /s/
                                                                ROSEMARY M. COLLYER
                                                                United States District Judge