*Exhibit A #1*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER<br>Berliner Street, 28<br>14169 Berlin, Germany<br><br>      Plaintiff,<br><br>      v.<br><br>Condelezza Rice, Secretary of State,<br>United States Department of State;<br><br>and<br><br>James Shaun Handy, Janitorial<br>Department Leader, United States<br>Department of State, Berlin, Germany;<br><br>and<br><br>Ambassador William Robert Timken,<br>United States Department of State<br>Berlin Germany;<br><br>and<br><br>James Onusko, Director of Personnel<br>Security, Suitability Bureau of the<br>Diplomatic Security, United States<br>Department of State, Washington, DC;<br><br>and<br><br>Lieutenant General Keith Alexander,<br>The National Security Agency;<br><br>      Defendants. | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Case No. 1:06-CV-00816<br><br>Judge: Rosemary M. Collyer<br><br>Deck Type: Employment Discrimination<br><br>Date Stamp: 05/02/2006 |

## PLAINTIFF'S INTERROGATORIES

To:    Ambassador William Robert Timken
        c/o Heather D. Graham-Oliver, Esq.
        Assistant United States Attorney

Judiciary Center Building
555 4th Street, NW
Washington, DC 20530

From:  David Keller, Plaintiff

## INTRODUCTION

You are requested to answer the following Interrogatories — Rule 33, and they should be completed and returned by mail or facsimile transmission to the Office of Allen Wilson, Esq., 1629 K Street, NW, #300, Washington, DC 20006 within 30 days.

(a)   These discovery requests are continuing in nature, so as to require the filing of supplemental responses if you obtain further or different information before trial.

(b)   Where the name or identity of a person is requested, please state the full name, home address, business address and telephone numbers as to each.

(c)   Unless otherwise indicated, these discovery requests refer to the time, place and circumstances, the occurrence complained of in the pleadings.

(d)   Where knowledge or information in possession of a party is requested, such request includes the knowledge of the party's agents, representatives and, unless privileged, his attorneys.

(e)   The pronoun "you" refers to the party to whom these discovery requests are addressed, and the persons mentioned above.

## INTERROGATORIES

1. State your name, title, job duties, and the number of years you have worked for the State Department in your current job.

2. State the name, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories,

2

3. Please state whether you have ever been a party to any lawsuit (official capacity) in any jurisdiction over the past 10 years, whether in an individual or official capacity, for each such lawsuit, please identify the jurisdiction, the parties, the nature, the case, and the person who prepared or assisted in the preparation of the disposition.

4. Was the stolen meat put in the refrigerator by Shaun Handy?

5. Was Plaintiff hired as a janitor on 7-17-2000, and was Plaintiff hired as a janitor on 3-8-2004? Did Plaintiff's duties change on 3-8-2004?

6. Did you or anyone acting on your behalf inform Plaintiff that there was no need for his service? Did you inform him that the position was being terminated because of reduction in force (FSN Handbook)?

7. Did you or anyone acting on your behalf conduct surveillance of Plaintiff stealing meat? If so, for each surveillance state the time, date, place of surveillance, name of the individual who conducted the surveillance, and the name of the person who has a copy of the surveillance.

8. Has a written report been prepared on the surveillance? If so, state the date, time and name of each person who has a copy of the report.

9. Did Plaintiff receive a merit job award for his job performance? Can an employee on probation receive a merit job award?

10. According to the FSN Handbook, was Plaintiff charged with dishonesty, or untruthfulness? Was Plaintiff reprimanded, given a written reprimand, or suspension? Why was Plaintiff subject to the most drastic type of disciplinary action of separation?

3

11. Was the suspension subject to the FSN handbook? Was the correct reason for termination given to Plaintiff in his letter of termination? Was Plaintiff terminated under German or U.S. law?

12. Was Plaintiff on probation as a janitor (3-8-2004)? Had Plaintiff been performing the same duties from 7-17-2000 to 3-8-2004?

13. How many employees status were changed to a 6-month probationary contract, but continued performing the same duties? Did the janitor duties change for Plaintiff according to the FSN Handbook?

14. Before Plaintiff was dismissed for cause, was he informed in writing by the appointed officer of the charges against him? Was he given a chance to reply to the charges within a reasonable period of time?

15. Can Plaintiff's (as a 3-year, 8-month employee) janitor status be changed to a probationary period? If so, state the regulation that allows this change.

16. Is it correct that all embassy employees should have a top-secret clearance?

17. Do employees of the store (CSA) in the Embassy have top-secret clearance? Are they qualified to work at the CSA retail store?

18. Why was the second contract called Personal Service Agreement? Why was it necessary? Why was Plaintiff placed on probation as a result of the second contract (July 17, 2000 – March 8, 2004) when he was performing the exact same duties?

19. Was Plaintiff (an African-American) the only employee fired as a result of stealing meat at the Embassy? How many employees at the Embassy are African-American?

20. Were you aware that Plaintiff is married to a Caucasian woman (German) and the State Department allowed his supervisor Shaun Handy (union leader) to harass and

4

intimidate him on the basis of his race, after he filed a complaint? (b) Was Plaintiff's position filled by a member of the Caucasian (white) race?

21.    State clearly what law (German or US) applied to Plaintiff according to the FSN (Handbook). Did the new janitor contract dated 3-8-2004 put Plaintiff under German Law rather than American law?

22.    What law was used to terminate an Plaintiff ( German or US law)? (b) Does German law require Plaintiff to file an EEOC complaint before going to court?

23.    (a) Did Plaintiff receive a performance appraisal/report dated August 21, 2003 that stated that Plaintiff fulfilled his duties most successfully? (b) Is it true that Plaintiff filed a lawsuit in the German courts immediately after being terminated? (c) Is it true that the German Labor Court refused to hear the case because Plaintiff's top-secret clearance was revoked?

Date: 9-24-07

Respectfully submitted,

Allen Wilson

Allen Wilson, Esq.
1629 K Street, NW, Suite 300
Washington, DC  20006
202-508-3794
202-331-3759 – fax
DC Bar #479284

Exhibit A #1

unable to respond to each such request fully and completely. State what information, knowledge or belief you have concerning the unanswered portion of such request and state fully, completely and in detail the acts done and inquiries made by you to show that you have exercised due diligence to make inquiry and secure the material necessary to respond to the request.

(e)   The term "document" as used herein is intended to be comprehensive and to include any written, recorded or graphic matter, however produced. The term also includes the information which is stored or carried electronically (by means of computer equipment or otherwise) and which can be retrieved in printed, audio or graphic form.

### DOCUMENTS REQUESTED

1.   Provide a complete copy of Plaintiff's personnel records.

2.   Provide a copy of the job descriptions for the janitorial position from July 17, 2000 to 3-8-3007 that was provided to you by the Embassy

3.   Provide a copy (written or video) of any surveillance tape that showed Plaintiff stealing meat. (b) Provide a copy of any surveillance tape showing Plaintiff putting meat in the refrigerator.

4.   Provide a copy of FSN Handbook regulation that was used to terminate Plaintiff.

5.   Provide a copy of any regulation used to terminate Plaintiff.

6.   Provide a copy of the SMSI videotape that was used to terminate Plaintiff.

7.   Provide copy of Plaintiff's top-secret clearance.

8.   Provide a copy of the HR Director's letter that Plaintiff signed when he was terminated (when Plaintiff was requested to turn in his badge, and was requested to leave the Embassy.

3

9. Provide a copy of the investigation that the Embassy conducted when Plaintiff claimed that his union leader (Shun Handy) was practicing racial discrimination and harassment against him.

10. Provide a copy of your witness list, and your expert witness list.

11. Provide a copy of the names of individuals you plan to depose.

12. Provide a list of your exhibits.

Date: 9-24-07

Respectfully submitted,

*Allen Wilson*
Allen Wilson, Esq.
1629 K Street, NW, Suite 300
Washington, DC 20006
202-508-3794
202-331-3759 – fax
DC Bar #479284