UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0816 (RMC) |
| ) | |
| EMBASSY OF THE UNITED STATES ) | |
| OF AMERICA at BERLIN, GERMANY, ) | |
| et. al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**I.     Introduction**

Plaintiff was employed by the United States Department of State as a janitor at the American Embassy in Berlin, Germany. He served as a janitor/laborer and/or janitor from July 17, 2000 until March 8, 2004, when he was terminated. Initially, he asserted claims under 42 U.S.C. §§ 1983 and 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; and the Fifth Amendment to the Constitution. On November 28, 2007, this court granted the Defendant's motion to dismiss, or for summary judgment, on all but the Fifth Amendment claim, and dismissed all named individual defendants in their individual, non-official capacity for lack of service.

At the October 22, 2007, Status Conference a discussion was had regarding discovery. Defendant indicated that she would need more time for discovery. At that time, the Court

indicated that discovery may wait until the issues were more clearly defined. Thereafter, on November 28, 2007, the court dismissed all of Plaintiff's claims except for those arising under the Fifth Amendment. It was therefore, defendant's impression that Discovery would proceed after the dispositive motion had been decided.

## II.    Plaintiff's Failure To Confer

The Court entered a Scheduling Order on June 25, 2007. Based upon the parties 16.3 joint report, and after the initial scheduling conference, it was ordered *inter alia* that: each party is limited to a maximum of 25 interrogatories, including discrete subparts, responses to all interrogatories were to be made 30 days after service; all fact discovery was to be completed by no later than October 19, 2007; discovery material shall not be filed with the court unless so ordered; and counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

Plaintiff has failed to follow this Court's scheduling order and as such his motion should be dismissed. Federal Rule of Civil Procedure 37(a)(2)(A) (Rule 37) requires a good faith conference or an attempt to confer "in an effort to secure the disclosure without court action." This Rule is designed to avoid needless pleadings and limit the areas of disagreement. The meet and confer requirement has been interpreted as mandating that the parties "actually meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining what the requesting party is actually seeking; what the discovering party is reasonably capable of

producing that is responsive to the request, and what specific genuine issues, if any, cannot be resolved without judicial intervention." <u>Prescient Partners v. Fieldcrest Cannon</u>, 1998 WL 67672, 2-3 (S.D.N.Y.). The standard of meeting Rule 37 has been further narrowed to encourage that a "live exchange of ideas and opinions" take place. <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 623 (N.D. Cal. 1995). Plaintiff not only failed to confer with opposing counsel including failing even to send a letter pertaining to his discovery issues and requesting any sort of compliance.

Moreover, Plaintiff never contacted the Court for a conference prior to filing his discovery motion. Plaintiff's motion to compel is improper since Plaintiff has failed to comply with this requirement and has invoked judicial intervention before taking all necessary steps. Hence, his actions are insufficient and the motion to compel should be denied. The issues that are raised by the plaintiff are typically addressed through conferring and then coming to some resolution.

**III.    The Discovery Requests Were Late And Violated The Scheduling Order**

The Initial Scheduling order gave the parties until October 19, 2007 to complete discovery. Plaintiff served the Defendant with written discovery requests on October 11, 2007. <u>See</u> Exhibit 1. However, this attempt was fruitless because the Defendant received only two sheets of paper - a cover letter and one other sheet of paper with 11 questions. <u>See</u> Exhibit 1. Defendant told the Plaintiff that the requests were defective. <u>See</u> Exhibit 1. Plaintiff did nothing to remedy the situation until the October 22, 2007 status conference, when he hand delivered complete sets of his written discovery to the defendant. Discovery had closed on October 19, 2007. Altogether Plaintiff served 98 interrogatory questions, including subparts, on the Defendant.

These interrogatories were not served timely and are outside the scope of the discovery order as set forth by the Court. Accordingly, Plaintiff has no legitimate cause to complain or to have his motion to compel granted.

That being said, Defendant is willing to work with the plaintiff to resolve all of the outstanding discovery issues. Defendant has answered the written discovery requests and will send the answers to Plaintiff's counsel electronically on January 9, 2008. Defendant will also deliver to Plaintiff the documents in response to his document requests on January 10, 2008, at the status hearing set by the Court.

### IV.    CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Compel should be denied.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, ESQ.
D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530
Tel: (202) 305-1334

4

Case 1:06-cv-00816-RMC   Document 34   Filed 01/09/2008   Page 5 of 5